GEORGE EAST, AND OTHERS, RESPONDENTS, *v.* JOSEPH MOONEY, AND OTHERS, APPELLANTS.

PRACTICE.—NEW TRIAL.—NOTICE AS MOTION.—Under the practice in Utah Territory, the notice of intention to move for a new trial stands for the formal motion, and after the notice has been given the motion may be called up to be heard without a written motion having been made.

ID.—ID.—WAIVER OF STATUTE.—Where the parties had stipulated that thirty days time be given in which to file notice of motion and statement upon motion for new trial, *held,* that the statute giving ten days after filing notice of motion to file statement upon motion for new trial was waived, and no motion or statement having been filed within the thirty days, the motion for new trial could be called up and overruled.

APPEAL from an order of the district court of the first district overruling a motion for a new trial. The opinion states the facts.

*Mr. Jacob S. Boreman* and *Mr. Lindsay R. Rogers,* for the appellants.

*Messrs. Smith and Smith,* for the respondents.

BLACKBURN, J.:

The appeal in this case is from the order overruling motion for a new trial, and the error assigned is that it was heard out of time. The first contention is that no motion for a new trial had been made, only a notice of intention had been given and filed, and hence such motion could not be heard. This court decided at this term in the case of *Needham* v. *Salt Lake City, ante,* 26 Pac. Rep. 920, that a formal motion need

not be filed, and, under the practice in this Territory,, the notice of intention to move for a new trial stands for the formal motion. The second contention is that the motion was heard some days before the time had expired for the hearing of the motion. This contention; is based upon the provisions of the statutes of Utah, (2 Comp. Laws, p. 295). The appellant has ten days after notice of the decision of the court to give notice of his intention to move for a new trial, and ten days thereafter to prepare and serve statement on motion for a new trial. The notice of intention was served and filed on the 5th day of September, 1890; and on the 11th day of the same month the order overruling the motion was made over the objections of the appellants, and duly excepted to, and before any statement was made on motion for a new trial.

On the 6th of the previous August, by stipulation, the appellants were allowed thirty days from that date in which to give notice of motion for a new trial, to file and serve same, and to prepare and serve and file statement on motion for a new trial, and to take whatever steps are necessary to prepare, serve, and file said motion and statement. By this stipulation, the requirements of the statute are waived, and consequently the decision of the case depends upon the meaning to be given to the stipulation. But for the stipulation the appellants were compelled to serve and file their statement on motion for a new trial within twenty days after notice of the decision of the court, the case having been tried by the court without a jury. The notice of the decision was given to appellants on the 6th of August, 1890, so that without the stipulation the appellants' opportunity to serve and file notice of motion for a new trial would have expired on the 11th of August, and to serve and file statement on motion for a new trial on the 21st of

same month. But the stipulation allowed them until the 5th of September. They filed a notice of motion for a new trial on the 5th of September, but no statement on the motion for a new trial. We think they having set aside the statute by agreement, all parties were bound by the agreement. The thirty days allowed by the stipulation having expired on the 5th day of September, it was the right of the respondents to call up the motion for a new trial, and have it passed upon. This they did, and in this we see no error. We find no error in the record. Judgment affirmed.

ZANE, C. J., concurred.