WASTL, Respondent, v. MONTANA UNION RAIL-
WAY COMPANY, Appellant.

[Argued          , 1893.  Decided Dec. 4, 1893.]

New Trial—*Notice of intention— Withdrawal of motion.*—Upon a motion for a
new trial the notice of intention to move is the foundation of the proceeding,
and a formal written motion is not essential; therefore, where a written motion
has been made, its withdrawal and the substitution of another after the time
for filing a notice had expired does not constitute, in effect, a withdrawal of
the notice of intention to move so as to operate as an abandonment of the
proceeding.  ( *Wallace* v. *Lewis,* 9 Mont. 399; *Fabian* v. *Collins,* 2 Mont. 510,
cited.)

Same—*Consent to order—Construction of stipulation.*—The submission of a motion
for a new trial by consent, without argument, accompanied by a statement by
the moving party that the court might pass upon said motion then and there
without taking time to consider the same, and that so far as defendant was
concerned the motion might then and there be overruled, is not such a consent
to the order overruling the motion as would justify this court in refusing to
review the order as one entered by consent of the party affected thereby, where
it appeared that the remarks were made in view of the fact that the questions
involved had theretofore been argued and considered, and appellant under-
stood his time for appealing was about to expire.

*Appeal from Second Judicial District, Silver Bow County.*

On motion to dismiss the appeal.   Denied.

*George Haldorn,* for the Motion.

*J. S. Shropshire, contra.*

Harwood, J.—Respondent, by motion, urges the dismissal
of this appeal on alleged grounds as follows: 1. Because appel-
lant, by leave of court, withdrew his motion for a new trial,
and thereafter filed another motion in its stead, "long after
the time for filing notice of intention to move for a new trial
had expired, as appears from the transcript on appeal"; 2. Be-
cause "appellant consented that the court might pass on the
motion for a new trial without taking time to consider the
same, and that, so far as appellant was concerned, the motion
might be then and there overruled by the court."

It appears that the trial of this action resulted in judgment
for plaintiff, and thereupon defendant, within the time pro-
vided by law, served upon respondent its notice of intention
to move for a new trial upon certain grounds set forth, and
thereafter, within the time required, prepared, served, and ob-

tained the settlement of its statement on motion for a new trial, and filed the same with the clerk of the court. It appears by entry of record that when the motion for new trial was brought on for hearing, three days after the settlement and allowance of the statement, defendant was "granted leave to withdraw motion for a new trial hereinbefore filed, and defendant files a motion for a new trial herein, which motion is by consent submitted to the court without argument, and said motion is by the court overruled." This record entry implies that defendant had filed a motion for new trial in said case, and on withdrawing it, by leave of court, immediately substituted another motion for a new trial, which was then and there brought on for hearing, and ruled upon by the court.

Respondent's counsel, in urging the dismissal of this appeal, insists that, by the withdrawal of the motion for a new trial by leave of court, appellant withdrew his notice of intention to move; that the notice of intention really constitutes the motion for a new trial, and a formal written motion is not essential; that, therefore, if the notice of intention to move constituted the motion, the withdrawal of the motion was in effect, technically, a withdrawal of the notice of intention to move. We do not find such intendment in the fact that in addition to his notice of intention to move for a new trial, setting forth the grounds thereof, accompanied by the statement of the case "specifying particulars" relied on, appellant prepared, in writing, a formal motion, and, apparently not being satisfied with the motion first prepared, withdrew it, by leave of court, and substituted another formal motion for a new trial in its stead. We see nothing improper in this practice, nor any ground or implication whereby we could justly interpret the withdrawal of the first motion as a withdrawal of the intention to move, which is the very foundation of the whole proceeding. It is true, as respondent's counsel concede, that, strictly, a formal written motion for a new trial is not essential to the proceeding; that is, the proceeding is not defective if the hearing is brought on by application of counsel to the court for a new trial, based upon the notice of intention to move, and the record, statement, bill of exceptions, or affidavit (section 298, Code Civ. Proc.), used in support of the motion (*Wallace* v. *Lewis*, 9 Mont. 399;

*Fabian* v. *Collins,* 2 Mont. 510). That being the case, we are unable to perceive upon what rules of logic or reason it should be held that the presentation of a formal motion in writing, and the withdrawal thereof, and substitution of another, was, in effect, the withdrawal of the notice of intention to move for a new trial; in other words, practically an abandonment of the proceeding. Such an interpretation would, in effect, make a matter of surplusage overthow the whole proceeding. Besides this, appellant's counsel explains how the first motion for a new trial was left with the clerk of court along with the statement, and was filed without his knowledge, intention, or consent, and thus became one of the files prematurely, and was therefore withdrawn. We find in these events no ground for dismissing the appeal from the order overruling appellant's motion for new trial.

The second alleged ground upon which respondent relies to dismiss the appeal is that appellant consented to the order overruling his motion for a new trial, citing several cases wherein courts of last resort have declined to review an order or proceeding entered by consent of the party affected thereby. We readily concur in the proposition that a party would not be entitled on appeal to a review of an order or proceeding to which he consented; that is, where it appears that the complaining party assented to the substance and effect of the decision, he would not be entitled to a review thereof on appeal. We must therefore first ascertain whether the conduct of appellant has been such as to fairly justify the conclusion that he so consented to the disposition of his motion for a new trial. The record entry quoted above recites that the motion was, "by consent, submitted to the court without argument"; but this entry is supplemented by stipulation in which counsel for appellant admits that, when said motion was submitted and ruled upon, appellant said that the "court might pass upon said motion then and there, without taking time to consider the same, and that, so far as defendant was concerned, the motion might then and there be overruled." The record further shows that, immediately after the overruling of appellant's motion for a new trial, its appeal was perfected from the order.

On the argument of this motion, appellant's counsel frankly admits that, on submission of the motion for a new trial, he made suggestions to the effect set forth in said stipulation. But he explains that those observations emanated from no captious spirit, as might possibly be inferred from reading them separate from other conditions and events apparent to the court below, nor from an intention to abandon the motion for new trial, or to consent to the rulings which appellant was seeking to have reviewed through that proceeding, but that the suggestions quoted emanated from the urgency of the situation which confronted appellant's counsel, as he understood his limitation of time for appealing was near at hand; that his remarks were so understood by the court at the time, in evidence of which he points to the order of the court, which merely recites that he "consented to the submission of the motion without argument"; that the remarks were made in view of the fact that all the questions and conditions involved were familiar to the trial court, and had been theretofore argued and considered.

Upon careful consideration, we are unable to find in the showing on this point such tendency as would warrant the interpretation urged by respondent, or the dismissal of the appeal. It is one thing to consent to the conditions on which a controversy is to be determined, adjusted, or settled, and another to ask a court to make a formal ruling upon a proceeding which had been fully considered in that court, so as to enable the party feeling aggrieved to appeal for a review of the questions involved. We think appellant's conduct and suggestions at the time of submitting the motion for new trial signify the latter intention only.

*Order denied.*

PEMBERTON, C. J., and DE WITT, J., concur.