MURRAY, APPELLANT, *v.* HALDORN, RESPONDENT.

(No. 3,797.)

(Submitted October 3, 1917.   Decided October 8, 1917.)

[168 Pac. 38.]

*Counterclaims—Unjustifiable Verdict.*

> 1.   Where, in an action on a promissory note, the total of defendant's counterclaims could not be made to equal the amount admittedly due plaintiff, a verdict in favor of the former was unjustifiable.

*Appeal from District Court of Silver Bow County; Michael Donlan, Judge.*

ACTION by James A. Murray against George Haldorn.   From a judgment for defendant, plaintiff appeals.   Reversed and remanded.

*Mr. James E. Healy* and *Mr. James E. Murray,* for Appellant, submitted a brief.   *Mr. Healy* argued the cause orally.

No appearance in behalf of Respondent.

MR. JUSTICE HOLLOWAY delivered the opinion of the court.

The complaint in this instance is the usual form employed in an action to recover upon a promissory note. The answer admits the execution and delivery of the note and attempts to set up forty-five separate counterclaims, for amounts aggregating $18,432.50. Of this amount $112.50 was claimed for moneys paid out by the defendant for the plaintiff as court costs and other necessary expenses. Upon the trial two of the alleged counterclaims, each for $1,000, were excluded from the jury's consideration. A verdict was returned in favor of defendant for $4,021.18, and from the judgment entered thereon this appeal is prosecuted.

It is necessary to consider but one of the contentions made [1] by appellant. Upon no possible theory of the case can the verdict be justified or the judgment sustained. The execution and delivery of the note being admitted, the court instructed the jury that at the date of the trial there was due plaintiff under the terms of the note a balance of $22,787.33. The court also ruled, and instructed the jury, that defendant was entitled to interest upon the several sums paid out by him for costs and expenses, but was not entitled to interest upon the other items embraced in the remaining counterclaims.

If the full amount of every counterclaim be admitted, and interest computed upon the several sums paid out for costs and expenses and added thereto, the total of defendant's claims cannot equal $19,000—more than $3,000 less than plaintiff's admitted claim. Excluding the amounts in the two counterclaims withdrawn from the jury, and deducting from the balance the $2,000 admitted by plaintiff and credited upon the note, the utmost that defendant can maintain as an offset to the admitted claim of plaintiff, is less than $15,000. Viewed in any possible light, plaintiff was entitled to a judgment for some amount, and under ordinary circumstances we should determine the amount, and direct that judgment be entered accordingly; but appellant concludes his brief as follows: "Upon the con-

ceded facts a judgment should have been recovered against defendant, but for the purpose of this appeal, and in order to do away with this vexatious litigation, plaintiff now waives any right to judgment herein, and prays that the action be reversed and dismissed.'' In conformity with this concession, it is ordered that the judgment herein be reversed and the cause remanded to the district court, with directions to render and enter judgment on the merits dismissing the action.

*Reversed and remanded.*

Mr. CHIEF JUSTICE BRANTLY and Mr. JUSTICE SANNER concur.