LISH, RESPONDENT, *v.* MARTIN ET AL., APPELLANTS.

(No. 3,978.)

(Submitted March 19, 1919. Decided April 4, 1919.)

[179 Pac. 826.]

*Promissory Notes—Oral Modification—Evidence—New Trial—*
*Notice — Presumptions — Verdicts — Striking from Files —*
*Power of District Courts.*

New Trial—Formal Notice not Required.
    1.  A formal notice for a new trial is not required under the Montana new trial procedure, the notice of intention performing the function of such notice.

Same—Notice of Intention—Record on Appeal—Presumptions.
    2.  In the absence of a showing of lack of notice in the appellants of the hearing of a motion for a new trial granted respondent, it will be presumed that the proceedings were regular and that they had notice.

Same—Failure to Give Notice—Review of Error—Duty of Appellant.
    3.  Where a motion for a new trial is heard and granted without notice to the adverse party, it is incumbent upon him to move the trial court to vacate the order as improvidently made, supporting the motion by affidavit showing that notice of the hearing was not given.

Promissory Notes—Oral Modification—Evidence.
    4.  An unexecuted oral agreement the effect of which was to alter the terms of a promissory note by extending the time of payment and changing the amount due, constituted no defense, under section 5067, Revised Codes, to the enforcement of the note; hence evidence tending to prove the agreement was improperly admitted.

    [As to validity and enforceability of parol extension of time for payment of note, see note in Ann. Cas. 1914A, 103.]

Verdicts—Rendition and Entry—Striking from Files—Power of District Court.
    5.  After a verdict, which was neither informal nor insufficient (Rev. Codes, sec. 6756), had been received and recorded, the trial court had no power to order it stricken from the files and direct the jury to return another, its authority over it being limited to setting it aside upon proper motion for a new trial.

Promissory Notes—Counterclaim—Unjustifiable Verdict.
    6.  Where the amount due plaintiff on a promissory note admittedly exceeded defendant's counterclaim by $102.50, a verdict in favor of defendant was unwarranted.

*Appeal from District Court, Fergus County; Roy E. Ayers,*
*Judge.*

ACTION by Otis S. Lish against W. F. Martin and others. Judgment for defendants. From an order granting plaintiff a new trial, they appeal. Affirmed.

Cause submitted on briefs of Counsel.

Mr. Ralph J. Anderson and Messrs. McConochie & Williams, for Appellants.

Mr. Wm. M. Blackford and Mr. J. C. Huntoon, of Counsel, for Respondent.

MR. JUSTICE HOLLOWAY delivered the opinion of the court.

Plaintiff brought this action to recover the balance upon a promissory note for $440 dated August 28, 1912, and due January 1, 1914, upon which a payment of $65.50 had been made. The answer of the defendants admits the execution and delivery of the note, the payment pleaded, and sets forth a counterclaim and attempts to plead an affirmative defense in bar. There was a reply to the new matter and the trial which followed resulted in a judgment for defendants for $294 and costs. Upon motion of plaintiff, the court granted a new trial, and defendants appealed from the order.

1. After the entry of judgment, and within the time allowed by law, plaintiff filed his notice of intention to move for a new [1] trial, specifying all the statutory grounds. He did not make any formal motion for a new trial and because of this fact appellants contend that the court erred in making the order.

Our new trial procedure is statutory (Ogle v. Potter, 24 Mont. 501, 62 Pac. 920), and our statute does not require that a formal motion for new trial be made. The notice of intention performs the function of such a motion. (Wastl v. Montana Union Ry. Co., 13 Mont. 500, 34 Pac. 844; Needham v. Salt Lake City, 7 Utah, 319, 26 Pac. 920; East v. Mooney, 7 Utah, 414, 27 Pac. 4; Storer v. Heitfeld, 17 Idaho, 113, 105 Pac. 55.)

2. Complaint is made that the court heard and determined [2] the motion without notice to defendants. The record recites that "the motion having been regularly set, came on for

hearing this day, Messrs. Blackford & Huntoon appearing for plaintiff and the defendants not appearing. The plaintiff's motion was by the court sustained and a new trial granted.''

While defendants were entitled to notice and an opportunity to be heard (sec. 7149, Rev. Codes), there is not anything in the recital above to indicate that they were not notified of the hearing, and since the court is one of general jurisdiction, the regularity of its proceedings will be presumed in the absence of a showing to the contrary. (*Sanden* v. *Northern Pac. Ry. Co.,* 39 Mont. 209, 102 Pac. 145.)

If the motion was heard and granted without notice to de-
[3] fendants, it was incumbent upon them to make that fact appear, and proper practice required them to move the court to have the order vacated as improvidently made, supporting their motion by affidavits showing that in fact notice of the hearing was not given. (*Whitney* v. *Superior Court,* 147 Cal. 536, 82 Pac. 37; 1 Hayne on New Trial & Appeal, sec. 164; 2 Spelling on New Trial & Appellate Practice, sec. 379.) Since the record does not disclose lack of notice, the error, if error was committed, is not subject to review upon this appeal.

3. As an affirmative defense in the nature of a plea in bar,
[4] defendants allege that on February 18, 1914, plaintiff agreed orally to employ defendants to perform certain work of the value of $60; to credit this amount on the indebtedness represented by the note; to accept a new note for $376 due September 15, 1914, and to cancel and surrender the note herein sued upon; that before defendants could perform the work or tender the renewal note, plaintiff, in violation of the agreement, commenced this action, and that defendants are ready, able and willing to perform the agreement in all things by them to be performed. A general demurrer was interposed to this so-called defense, but the record fails to show that it was ever passed upon. At the trial, over plaintiff's objection, the court admitted evidence tending to prove the agreement, and instructed the jurors that if they found that the agreement was made as alleged and was supported by a sufficient consid-

eration, the verdict should be for the defendants. In both instances the court erred.

The note sued upon constituted a contract in writing between the parties, and the effect of the agreement pleaded was to alter it by extending the time of payment and changing the amount due. Section 5067, Revised Codes, provides: "A contract in writing may be altered by a contract in writing or by an executed oral agreement, and not otherwise." Since the contract pleaded rested in parol and was entirely unexecuted, it was impotent for the purpose intended and constituted no defense. (*Kinsman* v. *Stanhope*, 50 Mont. 41, L. R. A. 1916C, 443, 144 Pac. 1083.)

4. The jury first returned a general verdict in favor of the
[5] defendants for $294, and this verdict was received and filed. The court then ordered it stricken from the record and orally instructed the jury to return a verdict in favor of the plaintiff for the amount found due upon the note less any amount found due defendants upon their counterclaim, and at the same time submitted to the jury a form of special verdict. Acting under this direction, the jury returned a general verdict in favor of plaintiff for $179.85 and found specially "that there was a renewal of the note mentioned in this case." After this second general verdict had been received and recorded, the court ordered it stricken from the files and the original verdict reinstated, and upon that verdict and the special finding judgment was rendered.

Section 6756, Revised Codes, provides: "When the verdict is announced if it is informal or insufficient in not covering the issue submitted, it may be corrected by the jury under the advice of the court, or the jury may be again sent out." The first verdict was not informal and it covered the issues submitted by the court. When it was received and recorded it passed beyond the control of the jury and beyond the control of the court, except that upon proper motion for a new trial it might be set aside, but not otherwise. (*Harrington* v. *Butte, A. & Pac. Ry. Co.*, 36 Mont. 478, 93 Pac. 640.) The subsequent

proceedings by which the second general verdict and the special finding were returned, were altogether void.

There is no possible theory upon which the verdict in favor [6] of the defendants can be justified. The items of the counterclaim amount to only $297.50, whereas the amount admitted to be due upon the note exceeded $400, and therefore plaintiff was entitled to recover the difference at least, according to defendants' own theory. (*Murray* v. *Haldorn*, 54 Mont. 125, 168 Pac. 38.) The trial court extricated itself by granting a new trial, and it could not have done otherwise.

We need not refer to the conflicting evidence with respect to the items constituting defendants' counterclaim.

It was unnecessary for plaintiff to appeal to the court's discretion, for he was entitled to a new trial as a matter of right.

The order is affirmed.

*Affirmed.*

MR. CHIEF JUSTICE BRANTLY and MR. JUSTICE COOPER concur.