QUONG ET AL., RESPONDENTS, *v.* McEVOY ET AL., APPELLANTS.

(No. 5,392.)

(Submitted February 16, 1924. Decided March 8, 1924.)

[224 Pac. 266.]

*Landlord and Tenant—Wrongful Eviction of Tenant—Conversion—Destruction of Business—Damages Recoverable—Evidence—Profits—Defenses—Nuisances—Abatement.*

Landlord and Tenant—Wrongful Eviction—Conversion—Destruction of Business—Damages.
 1.  A landlord who wrongfully intrudes upon his tenant and takes possession of his personal property is liable for its conversion, and where he wrongfully evicts him as a proximate result of which the latter's business is destroyed, the tenant may sue for the value of the business.

Same—Destruction of Business—Value of Business Recoverable Under General Allegation of Damages.
 2.  Under his general allegation of damages plaintiff tenant in his action against the landlord to recover for the destruction of his restaurant business resultant from his wrongful eviction was entitled to recover the value of the business as damages, as against the contention that they were special in character and should have been so pleaded.

Same—Value of Business—Evidence of Profits Admissible.
 3.  To establish the value of the business of a tenant destroyed by his wrongful eviction, evidence of loss of profits made in the business is admissible.

Same—Action for Tort—Evidence of Provisions of Lease Inadmissible.
 4.  In an action for damages against a landlord for wrongfully evicting plaintiff tenant, the lease under which plaintiff was occupying the premises was properly excluded from evidence, the action having been one for tort and not based upon a breach of the contract of lease.

Same—Written Lease—Parol Testimony Inadmissible to Vary Written Instrument.
 5.  Parol testimony of an oral unexecuted agreement by the tenant holding under a written lease that he would surrender the lease and vacate the premises as soon as the landlord could procure a new tenant was inadmissible under section 7569, Revised Codes of 1921.

Same—Wrongful Eviction—Order of Local Health Officer not Defense.
 6.  An order of a local health officer directing defendant landlord to close his tenant's restaurant because of insanitary conditions was not a justification for the forcible eviction of the tenant by the land-

---

 1.  Tenant's right to treat interference with his possession as an eviction and recover damages for loss of unexpired term, see note in 7 A. L. R. 1103.

 3.  Loss of profits as element of damages for eviction, see notes in 6 Ann. Cas. 460; Ann. Cas. 1912A, 860; 53 L. R. A. 102.

lord before the expiration of the lease; hence evidence of the order having been given was properly excluded.

Same—Nuisances—When Private Person may Abate.
  7. The right given a person by section 8653, Revised Codes of 1921, to abate a nuisance which is especially injurious to him, may be exercised only un ler those circumstances which necessity indulges in cases of extremity or great emergency wherein the ordinary remedy by legal proceedings is ineffectual.

Same—Duty of Landlord to Keep Premises in Condition for Occupation—Nuisances—When Eviction Unjustifiable.
  8. In the absence of a provision in a lease of a building requiring the tenant to do so, it is the duty of the landlord to keep the premises in a condition fit for occupation, and where by his failure in that respect a nuisance is created, its presence is not a justification for evicting the tenant because of its existence and in reliance upon the right given a person by section 8653 above, to abate a nuisance under certain conditions.

Same—Wrongful Eviction of Restaurant-keeper—Failure of Plaintiff to Procure License not Defense.
  9. Offered evidence to show that plaintiff did not have the license required by section 2589, Revised Codes, authorizing him to conduct his restaurant business, at the time he was evicted by his landlord before expiration of the lease, was immaterial, since that fact alone would not tend to prove that he could not have procured one upon placing the premises in a sanitary condition.

*Appeal from District Court, Big Horn County; A. C. Spencer, Judge.*

ACTION by Charley Quong and another against Kate McEvoy and A. W. Doyle. Judgment for plaintiffs and defendant McEvoy appeals. Affirmed.

*Messrs. Guinn & Maddox* and *Mr. Ellsworth G. Smith,* for Appellant, submitted a brief; *Mr. Smith* argued the cause orally.

*Messrs. Burke & Egnew,* for Respondents, submitted a brief; *Mr. T. H. Burke* argued the cause orally.

MR. JUSTICE HOLLOWAY delivered the opinion of the court.

A. W. Doyle was joined originally as a defendant in this action but was later dismissed, and Mrs. McEvoy will be treated as sole defendant. She has appealed from a judgment in favor of the plaintiffs.

There appears to have been considerable uncertainty as to the nature of the action, and defendant insists that the cause was tried upon an erroneous theory, resulting in excessive damages. It appears to us that there ought not to have been any doubt in the mind of the court or counsel as to the character of this action. It is the ordinary action by a tenant against his landlord for damages for wrongful eviction and for the conversion of personal property.

It is a general rule that a landlord who wrongfully intrudes upon his tenant and takes possession of the tenant's personal [1] property is liable for the conversion thereof (16 R. C. L. 675), and in case of a wrongful eviction which results proximately in the destruction of the tenant's business, the value of that business may be recovered. (*Hawthorne* v. *Siegel*, 88 Cal. 159, 22 Am. St. Rep. 291, 25 Pac. 1114; *Kostopolos* v. *Pezzetti*, 207 Mass. 277, Ann. Cas. 1912A, 859, and note, 93 N. E. 571; *Winman* v. *De Palma*, 232 U. S. 571, 58 L. Ed. 733, 34 Sup. Ct. Rep. 370 [see, also, Rose's U. S. Notes].) It is the policy of the law that the injured party be put in the same condition he would have been if the tort had not been committed, so far as money can do it. (1 Sutherland on Damages, sec. 105.)

Plaintiffs allege that they were in peaceable possession of the Hardin Hotel Café under a lease from Mrs. McEvoy, the owner [2] of the premises; that the lease would not have expired until October 1, 1922; that the café had been conducted at that place for several years, had a well-earned reputation, and was a going concern and a lucrative business on February 2, 1922, when the defendant in the night-time, in the absence of the plaintiffs, wrongfully took possession of the café itself and of $200 worth of personal property therein belonging to plaintiffs, locked the doors against the plaintiffs and proceeded to so alter the premises as to render them unfit for café business, the business for which they had been leased and in which it was the intention of the plaintiffs to continue; that plaintiffs were thereby deprived of their business and personal property,

to their damage in the sum of $5,400. There are allegations that the acts of the defendant were wanton, malicious and oppressive, but there was not any specific demand for punitive damages, and at the close of the plaintiffs' case any claim for punitive damages was waived. It is now contended that, in view of this waiver, plaintiffs' recovery should have been limited to the damages resulting from the conversion of the personal property, and this upon the theory that damages resulting from the destruction of the business are special in character, and could not be recovered under the allegations of general damages. In support of this theory counsel for defendant cite *O'Brien* v. *Quinn*, 35 Mont. 441, 90 Pac. 166; but the facts upon which that case was decided are so different from the facts involved in this one that it cannot be claimed to be a precedent here.

In 2 Sutherland on Damages, section 420, the rule is stated as follows: ''Where the action is for the conversion or destruction of property or any tortious act or omission involving its loss, the law infers an injury measured by its value, and the injured party may recover by that standard under the general averment of damages.'' (See, also, *Allison* v. *Chandler*, 11 Mich. 542.)

Plaintiffs were not seeking to recover for the loss of profits, [3] but for the destruction of their business, and to establish its value evidence of the net profits made in the business was properly admitted. (*Wellington* v. *Spencer*, 37 Okl. 461, 46 L. R. A. (n. s.) 469, 132 Pac. 675.)

Defendant complains of the ruling of the court excluding from evidence the lease under which the plaintiffs were occupy- [4] ing the premises, and there would be merit in the complaint if, as defendant asserts, plaintiffs based their cause of action upon the lease, but such is not the case. This action sounds in tort and is not founded upon a breach of the covenants of the lease.

Upon the trial defendant sought to show that prior to February 2, 1922, plaintiffs orally agreed to surrender the [5]

lease and to vacate the premises as soon as defendant could procure a new tenant and they could wind up the business and remove their own property, and complaint is made of the rulings excluding this offered evidence. The lease was in writing. It is not pretended that the oral agreement was executed; and section 7569, Revised Codes of 1921, provides: "A contract in writing may be altered by a contract in writing, or by an executed oral agreement, and not otherwise." The court did not err in its rulings. (*Armington* v. *Stelle,* 27 Mont. 13, 94 Am. St. Rep. 811, 69 Pac. 115; *Kinsman* v. *Stanhope,* 50 Mont. 41, L. R. A. 1916C, 443, 144 Pac. 1083; *Lish* v. *Martin,* 55 Mont. 582, 179 Pac. 826.)

As a special defense, defendant alleged that plaintiffs failed to keep their place of business clean or in a sanitary condition, [6] and by reason of this the local health officer directed her as landlord to take possession and close the café and that she acted under that direction. In support of this defense the defendant offered in evidence the deposition of Dr. Haverfield, the local health officer, but the deposition was excluded, and error is predicated upon that ruling. However extensive may be the authority of a local health officer with respect to the conduct of the restaurant or café business, we are satisfied that it cannot be invoked to justify a forcible eviction of a tenant by the landlord before the expiration of the lease. Counsel do not cite any authority to sustain their contention, and we have not been able to find any bearing upon the subject directly. The police power is inherent in the state, but its exercise has not been conferred upon landlords as a class, nor upon this defendant individually, and neither does the statute authorize an agent of the state to delegate his authority to a private individual.

It is beyond controversy that defendant took possession of the premises in the early morning of February 2, 1922, during the absence of the plaintiffs, and locked the building against them; that, notwithstanding their lease would not expire until October 1, 1922, defendant on January 4, 1922, leased the same

premises to Doyle to be used as a pool-hall, for a term of three years, commencing February 1, 1922, at an advanced rental, and that she actually put Doyle in possession on February 2.

But it is insisted that independently of Dr. Haverfield's directions defendant had the right to take possession of the [7] premises and exclude the plaintiffs, and this upon the theory that any person may abate a public nuisance which is especially injurious to him by removing, or, if necessary, destroying, the thing that constitutes the same. (Rev. Codes, sec. 8653.) The statute recognizes the right here claimed, but only under those circumstances which necessity indulges in cases of extremity or great emergency wherein the ordinary remedy by legal proceedings is ineffectual. (20 R. C. L. 490.) The facts of this case would not justify the exercise of the right under any view of the law.

The evidence which was offered and excluded did not go [8] further than to indicate that plaintiffs had so conducted the café that the place was dirty and otherwise in an insanitary condition; that the sewage system had become choked and large quantities of filth had accumulated in the basement under the café room; that offensive odors arose from the place and annoyed the defendant and her roomers who occupied the second floor of the building, and as well people who passed by on the street. Whether the odors came from the café itself or from the basement does not appear. It does appear, however, that plaintiffs' lease did not include the basement and did not impose upon plaintiffs the duty of keeping the sewage system in repair; neither does it appear that the trouble with the sewage system was attributable to plaintiffs' negligence. The duty to see that the premises were in condition fit for human occupancy was imposed upon the defendant, the lessor of the building. Section 7741, Revised Codes, provides: "The lessor of a building intended for the occupation of human beings must, in the absence of an agreement to the contrary, put it into a condition fit for such occupation, and repair all subsequent dilapidations thereof which render it untenantable,

[70 Mont. 99.]

except such as are mentioned in section 7734." Section 7734: "The hirer of a thing must repair all deteriorations or injuries thereto occasioned by his ordinary negligence." No rule of law would permit a landlord to create a nuisance by a failure to discharge his duty and then evict his tenant because of the existence of the nuisance; no one may take advantage of his own wrong.

Finally, it is contended that the court erred in excluding [9] evidence offered by the defendant tending to prove that plaintiffs did not have the license to conduct their business which is required by section 2589, Revised Codes of 1921. It is argued that this evidence was material as reflecting upon the value of the business, and consequently upon the damages recoverable for its destruction. Whether the plaintiffs were conducting their business without a license was peculiarly a matter between them and the state. If they could not procure a license and their business would have to be carried on in violation of the law, if at all, that fact would reflect materially upon the value of the business and the damage which they sustained by its destruction. But the bare fact, if it be a fact, that they did not have a license on February 2, is not material, for, if we assume that the condition of the place was as insanitary as defendant's offered evidence tended to show that it was, still if on the very day of the eviction plaintiffs had renovated the place thoroughly and placed its sanitary condition beyond adverse criticism, it is inconceivable that the public health authorities would have refused the license arbitrarily, and, if they did, *mandamus* would lie to compel it to issue (17 R. C. L. 562); in other words, the bare fact that plaintiffs did not have a license on February 2, if that be the fact, would not even tend to prove that they could not procure one.

The judgment is affirmed.

*Affirmed.*

MR. CHIEF JUSTICE CALLAWAY and ASSOCIATE JUSTICES COOPER, GALEN and STARK concur.