(88 South. 560)

**SANDLIN et al. v. ANDERS et al.**
(8 Div. 327.)

(Supreme Court of Alabama. April 7, 1921.)

**1. Landlord and tenant ⊚⟞291(8)—Count in unlawful detainer held demurrable.**

In unlawful detainer suit, under Code 1907, § 4263, demurrers *held* properly sustained to count which did not follow clearly form No. 27 of section 5382, and in which plaintiffs, although stating that they had "succeeded to the rights of S.," defendants' landlord, "as heirs and grantees of the heirs of S.," failed to state that S. was dead and the date of his death, and also failed to make it clear that defendants were unlawfully detaining the possession of the land, as to which they alleged that "defendants refused to surrender possession of said lands to plaintiffs."

**2. Landlord and tenant ⊚⟞291(6) — Wife of tenant not proper party defendant in unlawful détainer.**

In unlawful detainer suit, under Code 1907, § 4263, demurrer was properly overruled to plea of a female defendant disclaiming any title or right of possession, and stating she was the wife of another defendant, and as such re- sided with him on the land, for, if the relation of landlord and tenant never existed between her and plaintiffs, she was not a proper party defendant.

**3. Evidence ⊚⟞174(1)—One of triplicate original demands admissible in unlawful detainer, without notice to produce the other.**

Where, in unlawful detainer, there were three written demands made at one time on the typewriter, in triplicate, each was executed and addressed to defendants, and each was an exact copy of the other in every way, this made each an original; and where there was evidence that one had been read to and handed to a defendant more than 10 days before suit was filed, it was error not to allow one of the other two to be introduced in evidence by plaintiffs, as against the objection that it was not the identical paper left with such defendant, that no notice to produce it had been given, and that the one offered was not the best evidence.

Appeal from Circuit Court, Morgan County; A. J. Harris, Special Judge.

Action by Randolph Sandlin and others against James A. Anders and wife in unlawful detainer. From adverse rulings on the evidence, plaintiffs took a nonsuit, with bill of exceptions, and appeal. Reversed and remanded.

Count 2 is as follows:

"Plaintiffs sue to recover of the defendants the following lands: S. E. ¼ of section 36,

township 7, range 5 west, in Morgan county, Alabama; and plaintiffs aver that said defendants resided upon said land during the years 1907, 1908, and 1909 under a rent contract with Jas. A. Sherrill; that defendants resided upon said lands during the year 1910 under a rent contract with plaintiff Randolph Sandlin, made with him while acting as guardian for the said Jas. A. Sherrill; that the said Jas. A. Sherrill, who had recently theretofore been adjudged a non compos mentis, and on, to wit. October 12, 1910, and defendants continued to hold said land as tenants of the plaintiffs, who succeeded to the rights of said Jas. A. Sherrill as heirs and grantors of the heirs of Jas. A. Sherrill, for the remainder of the year 1910; that written demand was made upon said defendants for possession of said lands on February 2, 1911, and the defendants refused to surrender possession of said lands to plaintiffs."

Sample & Kilpatrick, of Hartsells, and S. A. Lynne, of Decatur, for appellants.

Count 2 substantially follows the Code form. Form 27, p. 1200, Code 1907. The plea of Mrs. Anders was not good. Section 4268, Code 1907. The court improperly excluded evidence of notice. 79 Ala. 510; 79 Ala. 594; 164 Ala. 547, 51 South. 263; 22 C. J. 1023.

G. O. Chenault, of Albany, for appellees.

The cases cited by appellant are not in point, and the issue presented is ruled by 77 Ala. 594, 54 Am. Rep. 80; 80 Ala. 536, 2 South. 438; 142 Ala. 609, 38 South. 662; 185 Ala. 466, 64 South. 71.

MILLER, J. This is an unlawful detainer suit, under section 4263 of the Code of 1907, by the plaintiffs—appellants here—against James Anders and his wife, Marietta Anders, for possession of S. E. ¼ of section 36, township 7, range 5 west, in Morgan county.

[1] Demurrers to count 2 were properly sustained by the court. It does not follow clearly the form—No. 27 of section 5382. It failed to state that James A. Sherrill was dead and the date of his death, and it is not clear that defendants were unlawfully detaining the possession of the land.

[2] The defendant Marietta Anders files special plea, stating she claims no title, possession, nor right of possession to the lands sued for; that she is the wife of said James Anders, and as such resides with him upon said land, and prays to be discharged. The court properly overruled the demurrer to this plea. To maintain the suit against her, the plaintiff would have to show that she had been a tenant. If the relation of landlord and tenant never existed between her and plaintiffs, or their vendors, then she was not a proper party defendant.

[3] The plaintiffs in this case took a nonsuit, with bill of exceptions, on account of adverse rulings of the court to them on the admission of evidence in the case. The law requires in unlawful detainer suits that the plaintiffs must demand in writing of the defendant, or defendants, possession of the land, after the termination of his or their possessory interest, at least 10 days before suit is filed. This written demand must be handed to the defendant or left at his usual place of abode. If he fails, for 10 days thereafter, to deliver the possession thereof to any one lawfully entitled thereto, his agent or attorney, then suit may be commenced for the possession.

The evidence showed that there were three written demands for the possession of this land made at one time on the typewriter; all three were signed, all three were originals, all three just exactly alike, and all three addressed to the defendants; one was read to the defendant James A. Anders, and it was handed to him and left with him, more than 10 days before the suit was commenced. The evidence also showed that no demand was made on James Anders to produce it on the trial, and James Anders could not read; but his testimony indicated (but not positively) that the written demand, read and left with him, was at his home in his trunk. One of said triplicate originals of the written demand, but not the one left with James Anders, was offered in evidence; the defendants objected, because it was not the identical paper left with James Anders, and no notice to produce it had been given, and the one offered was not the best evidence. The court sustained these objections, and plaintiffs duly excepted, and took a nonsuit.

Where an original demand is made and executed in duplicate or triplicate, each duplicate or triplicate is primary evidence, and is admissible, without notice to produce the other, or without accounting for its absence. The evidence must show that the one offered is in truth and in fact a duplicate in every particular.

These written demands in this case were made in triplicate; each was executed; the evidence shows each was an exact copy of the other in every particular. This made each an original, and each was admissible in evidence without accounting for the other, and without the necessity for a notice to produce the other. The proof showed that the defendant James A. Anders was handed one of these triplicate original notices more than 10 days before this suit was filed, and the court erred in not allowing one of the other two to be introduced in evidence as offered by the plaintiffs. Westbrook v. Fulton, 79 Ala. 510; R. D. Burnett Cigar Co. v. Art. Wall Paper Co., 164 Ala. 547, 54 South. 263, 17 Cyc. 517, § 5; Corpus Juris, vol. 22, p. 1023, §§ 1313 and 1314.

Reversed and remanded.

ANDERSON, C. J., and SAYRE and GARDNER, JJ., concur.