HAMILTON, APPELLANT, *v.* CRANE, RESPONDENT.

(No. 4,654.)

(Submitted January 30, 1922. Decided February 20, 1922.)

[205 Pac. 205.]

*Landlord and Tenant—When Tenant not Liable for Rent Owing by Sublessee—Tenancy—Presumptions.*

Landlord and Tenant—When Tenant not Liable for Rent Owing by Sublessee.
1. Where a landlord had informed his tenant that he desired possession of the premises on a certain date and the latter made arrangements accordingly, paying a subtenant who held under a lease from him $100 for a cancellation of his lease, but subsequently at the request of the landlord asked the subtenant to remain, and who did remain, the tenant himself quitting the premises, he was not liable to plaintiff landlord for rent which the subtenant did not pay.

Same—Presumption of Tenancy Arises, When.
2. In order to establish the relationship of landlord and tenant, it is not necessary that all the details of the lease be settled, the presumption of tenancy arising where the entry and occupancy are with the permission of the owner.

*Appeals from District Court, Cascade County; H. H. Ewing, Judge.*

ACTION by L. H. Hamilton against J. A. Crane. From judgment for defendant and an order overruling his motion for new trial, plaintiff appeals. Affirmed.

Cause submitted on briefs of Counsel.

*Messrs. Peters & Smith,* for Appellant.

*Messrs. Speer & Lohrke,* for Respondent.

Mr. JUSTICE REYNOLDS delivered the opinion of the court.

Plaintiff brought this action to recover from defendant, as his tenant, rent alleged to be due on a garage building in Great Falls. The action was tried before the court sitting with

a jury, and both special and general verdicts were rendered in favor of defendant. Judgment was entered in accordance with the verdicts. Motion for new trial was made and overruled. Plaintiff has appealed from the judgment and from the order overruling the motion.

A written term lease covering the premises had been pre-[1] pared, but was never signed. The action was commenced upon the theory that the written lease was in effect, but by a stipulation of the parties the complaint was amended, and it was agreed that defendant occupied the premises as tenant from month to month, and that the only question involved in the case was whether or not the premises were occupied by defendant for the period of one month from August 15, 1918, to September 15, 1918, the period for which the rent is claimed. The defendant previously occupied the building by himself and three subtenants, severally named K. R. Smith, Edward McGivern and Equity Co-operative Company. There is no question but that defendant himself vacated the premises on or before August 15, but it is the contention of plaintiff that the premises were occupied by defendant's subtenants above named, and that therefore the occupancy was, in law, the occupancy of defendant, and that by reason thereof defendant is liable to plaintiff for the rent for that month. The jury rendered a general verdict in favor of defendant, and also four special verdicts in favor of defendant, finding, in effect, that plaintiff notified defendant to vacate the premises on or before September 1, 1918; that defendant notified plaintiff at least thirty days prior to the fifteenth day of August, 1918, that he would terminate his lease and vacate the premises on August 15, 1918; that plaintiff authorized defendant to request the subtenants to remain after the 15th of August, 1918; and that defendant did request the said subtenants so to remain in the building after the 15th of August, 1918, as the tenants of plaintiff.

The only question involved in this appeal is whether or not the evidence is sufficient to support the findings of the jury.

There is a conflict in the evidence as between the plaintiff and the defendant, but in order to determine this question it is necessary for us to examine only the evidence received in behalf of defendant. From this evidence it appears that in June, 1918, plaintiff told defendant that he had sold the building, and that he must have possession before September 1. Defendant then proceeded to make arrangements for a new location, and upon or about the 15th of July, 1918, notified plaintiff that he would vacate the premises by August 15. Defendant thereupon arranged with his subtenants to remove from the premises by that date. Assuming that the written lease above mentioned would be executed, defendant had given to his subtenant, Smith, a written lease until December, 1918; so, in order to secure vacation of the premises by Smith by August 15 in accordance with his plans, defendant paid to Smith $100, for a cancellation of his lease. About the 1st of August plaintiff called upon defendant and told him that the sale had failed of consummation, and wanted to know whether or not the defendant could not remain in the building, but defendant advised him that he had made other arrangements whereby it would be impossible for him to do so. Plaintiff then requested defendant to see the subtenants, and request them to stay, and defendant replied that he would and send them to him. Defendant thereupon spoke to each of the subtenants about the matter, and asked them to remain and to make their arrangements with Mr. Hamilton, and each said he would see plaintiff. Defendant did not know at the time that he vacated the premises whether or not any such arrangements had been made.

From the foregoing evidence it appears that defendant had made complete arrangements for the vacation of the entire building by August 15, but that at the request of plaintiff he asked the subtenants mentioned to remain after that date. While it does appear that these subtenants did not enter into any arrangements directly with plaintiff for their several occupancies of the premises, nevertheless it is clear that under

this evidence they remained with the consent of the plaintiff and upon his express request, and not by virtue of the several **[2]** leases with the defendant. In order to establish the relationship of landlord and tenant, it is not necessary that all the details of the lease be settled, but "a presumption of a tenancy arises where an entry and occupancy is with the permission of the owner." (24 Cyc. 882.) We think that the evidence was sufficient to sustain the findings of the jury.

The judgment and order overruling the motion for new trial are affirmed.

*Affirmed.*

MR. CHIEF JUSTICE BRANTLY and ASSOCIATE JUSTICES COOPER, HOLLOWAY and GALEN concur.