(96 South. 64)

**ALABAMA GREAT SOUTHERN R. CO. v. LONGSHORE. (7 Div. 378.)**

(Supreme Court of Alabama. April 12, 1923.)

**I. Carriers ⬯94(3)—Admission of testimony of conversation concerning cotton apparently loaded by mistake with another shipment held not error.**

In an action for conversion of a bale of cotton, where it appeared that plaintiff and another had had 50 bales each on defendant's platform, and that, after such other party had shipped his 50 bales, plaintiff was able to locate but 49 bales which belonged to him, and 1 which had belonged to the other person, and which had a number similar to the number of his missing bale, *held*, that it was not error to admit testimony of a conversation, had between plaintiff's agent and defendant's agent at the time of loading the 50 bales, wherein the apparent mistake had been called to the attention of defendant's agent, who had refused to correct it.

**2. Carriers** ⊚⊸94(3)—Facts held to warrant finding cotton had been lost by act of railroad, and to warrant recovery.

Evidence that plaintiff and another had each deposited 50 bales of cotton on defendant railroad's platform, and that, after such other party had shipped 50 bales, one of his, numbered 4678, still remained, and one of plaintiff's numbered 4778, was missing, and evidence that defendant's agent had been advised of the apparent mistake, and had refused to correct it, *held* to warrant the inference that plaintiff's bale had been lost by act of defendant, and warrant recovery by plaintiff of the value of the lost bale.

**3. Appeal and error** ⊚⊸1008(1)—Findings of fact by trial judge have same weight as verdict of jury.

Findings of fact by trial judge have same weight as verdict of jury.

Appeal from Circuit Court, De Kalb County; W. W. Haralson, Judge.

Action by J. C. Longshore against the Alabama Great Southern Railroad Company. Judgment for plaintiff, and defendant appeals. Transferred from Court of Appeals under Acts 1911, p. 449, § 6. Affirmed.

Goodhue & Goodhue, of Gadsden, for appellant.

The burden of proof is upon a plaintiff in a suit for conversion to establish by legal evidence the material averments of his complaint. 23 C. J. 51. Conversations between the agent of plaintiff and the agent of defendant, in the nature of complaints, or statements of past happenings, are not admissible.

C. A. Wolfes, of Ft. Payne, for appellee.

A material fact, which is not proved by direct evidence, may be inferred by the court from facts which have been proved. 23 C. J. 48; McMillan v. Aiken, 205 Ala. 35, 88 South. 135. The conversation between the agents of the plaintiff and defendant was a part of the res gestæ. B. & A. Ry. v. Campbell, 203 Ala. 296, 82 South. 546.

MILLER, J. This is a suit by J. C. Longshore against the Alabama Great Southern Railroad Company, a corporation, for damages for the conversion of a bale of cotton. It was commenced in the justice of the peace court of John C. Anderson in De Kalb county. Judgment was rendered by him in favor of the plaintiff for $84.62, the value of the cotton. The defendant appealed from this judgment to the circuit court. There it was tried de novo before the court without a jury, and under the oral evidence the court rendered judgment for plaintiff for $79.18. The defendant duly excepted to this judgment by the court, and prosecutes this appeal therefrom. The complaint was amended in the circuit court by a count in Code form No. 24 (Code 1907, p. 1199) for the conversion of one bale of cotton on or about November 15, 1920. The defendant pleaded general issue to the count.

[1] The plaintiff owned a bale of cotton, numbered 4778; it was placed on the cotton platform of the defendant on November 15, 1920, for plaintiff, together with 49 other bales. This bale (No. 4778) is the one involved in this suit. Homer Nance, agent of plaintiff, went that day to get bill of lading for the 50 bales, and the bale numbered 4778 could not be found, so defendant issued a bill of lading to plaintiff for only 49 bales. At that time there was a bale of cotton on the platform numbered 4678. It belonged to one Bartlett, who had delivered to defendant 50 bales of cotton, which included the bale numbered 4678, and received bill of lading for it. Bartlett's cotton, 50 bales, except this bale, had been loaded by defendant from this platform into cars. This bale (No. 4678) was still on the platform the next day. The agent of the defendant, who was loading and superintending the loading of Bartlett's cotton, was there at the depot, and the cars with the cotton were there. The court, over objection of the defendant, permitted in evidence this conversation between Homer Nance, plaintiff's agent, and Robert Franklin, defendant's agent, in charge of loading the cotton:

"[I] made complaint to young Robert Franklin, who was in charge of loading the cotton down there. He had a crew of hands loading the cotton. At the time I was talking to him he had this car loaded. I said to him: 'You have made a mistake, and left 4678, and took 4778, in Bartlett's shipment. You have my bale in there. Let's unload the car and straighten it out right here.' And he would not unload it. He said he would not unload it, and the next morning I tried to get him to unload it."

Robert Franklin was at the time loading cotton for the defendant. He had at this time loaded from the platform all of the 50 bales of Bartlett, except this bale numbered 4678. The defendant did not load cotton from the platform until the bill of lading was issued for it. Bartlett had bill of lading for his 50 bales. All of plaintiff's 50 bales had been checked, except bale No. 4778. It had been placed there that day. This bale of Bartlett's, numbered 4678, was on the platform that day, and there on the next day also. The evidence tended to show 50 bales had been loaded in the cars for Bartlett. The plaintiff's cotton, 50 bales, had been checked. All were correct, and there, except bale No. 4778. The bill of lading for Bartlett's 50 bales had been issued and delivered. The numbers of the bales, 4678 and 4778, were similar—the same except one figure. The 100 bales had been on

the same platform, and the circumstances and surrounding facts reasonably indicated that bale No. 4778 had by mistake been placed by defendant in the car as the property of Bartlett, and bale No. 4678 left out of the car on the platform by mistake as the bale of plaintiff. The conversation was almost contemporaneous with the facts and circumstances indicating the alleged conversion of the cotton by mistake. They were all closely connected, and tended to illustrate it. The conversation was relevant to the issue in the case. It formed a part of the res gestæ. The court did not err in overruling defendant's objections to it. B. & A. R. Co. v. Campbell, 203 Ala. 296, h. n. 3–5, 82 South. 546.

[2] There are proven facts from which the court could fairly and reasonably infer that the bale numbered 4778 of plaintiff was loaded and shipped by the defendant as property of Bartlett, instead of bale numbered 4678 owned by Bartlett, and in this way the bale was lost to plaintiff by this act of the defendant. McMillan v. Aiken, 205 Ala. 35, h. n. 9–11, 88 South. 135; So. R. Co. v. Gullatt, 158 Ala. 502, h. n. 6, 48 South. 472. There was evidence and reasonable inference from it which if believed by the court would entitle plaintiff to recover for the value of the bale of cotton.

[3] The witnesses were examined orally in the presence of the court. His finding of facts is the same as a verdict of a jury. His opportunity for observing them and arriving at the truth of their testimony is superior to ours, and his judgment should not, in our opinion, be disturbed in this case. It is supported and sustained by the evidence, and by the fair and reasonable inferences that may be drawn from, and that are consistent with, the proven facts. Christie v. Durden, 205 Ala. 571, h. n. 1, 88 South. 667; McMillan v. Aiken, 205 Ala. 35, h. n. 9–11, 88 South. 135; So. R. Co. v. Gullatt, 158 Ala. 502, h. n. 6, 48 South. 472.

We find no error in the record, and the judgment is affirmed.

Affirmed.

ANDERSON, C. J., and SAYRE and GARDNER, JJ., concur.