(98 South. 566)

SMITH v. SHARP. (7 Div. 401.)

(Supreme Court of Alabama. Dec. 20, 1923. Rehearing Denied Jan. 24, 1924.)

1. Appeal and error ⬅️1078(1)—Assignments not argued in brief not considered.

Assignments not argued in appellant's brief will not be considered.

2. Evidence ⬅️174(1)—Copies of notice terminating tenancy and demand for possession held admissible in unlawful detainer suit.

In unlawful detainer, copies of a written notice terminating the tenancy and a written demand for possession, which were served on defendant, held admissible without notice to produce the originals; it being sufficient under Code 1907, § 4263, to leave a copy of the demand at defendant's usual place of abode.

3. Landlord and tenant ⬅️291(1)—Notice of termination of tenancy and demand for possession held sufficient in form.

A written notice terminating a tenancy and a written demand for possession held sufficient in form. Code 1907, § 4263.

4. Landlord and tenant ⬅️291(1)—Demand for possession need not state date for surrender.

A written demand for possession need not state any date for surrender; lessee having

10 days after a copy of the demand is handed to him or left at his usual place of abode to deliver possession. Code 1907, § 4263.

**5. Appeal and error ⊕⟹1052(5)—Admission of evidence of rental value in unlawful detainer suit held not reversible error.**

In unlawful detainer, admission of evidence of the reasonable value of the use and occupation of the land per annum for the last three years *held* not reversible error, where judgment rendered for twice the annual rental agreed on, as provided by Code 1907, § 4273, was for less than the amount testified to.

**6. Evidence ⊕⟹205(4)—Tenant's statement of willingness to pay rent in cattle held admissible as admission of debt.**

In unlawful detainer, defendant's statement that he was willing to give plaintiff certain cattle in payment of the indebtedness *held* competent and relevant as a voluntary admission of indebtedness for the rent and an offer to pay it.

**7. Appeal and error ⊕⟹1008(1)—Court's judgment on facts in case tried without jury not disturbed unless clearly wrong.**

In a case tried without a jury, the court's judgment on the facts testified to by witnesses examined orally in his presence has the weight of a jury's verdict and should not be disturbed unless clearly wrong.

**8. Landlord and tenant ⊕⟹291(13)—Judgment for plaintiff in unlawful detainer held sustained by evidence.**

Evidence *held* sufficient to sustain a judgment for plaintiff in unlawful detainer.

Appeal from Circuit Court, Calhoun County; A. P. Agee, Judge.

Suit for unlawful detainer by G. B. Sharp against D. G. Smith. From a judgment for plaintiff, defendant appeals. Affirmed.

The notices to terminate tenancy and demanding possession are as follows:

"To D. G. Smith: You will take notice that your tenancy of the following lands belonging to me, and which you hold under me, as my tenant, is hereby terminated, the termination to take effect on the 31st day of December, 1922, and that I will expect you to surrender to me possession of same within ten days after the said 31st day of December, 1922, said lands being the following described lands, to wit: * * * Same being the lands belonging to me, on which you have had a pasture on the east end thereof for the past three or four years, and a small part of which you have had in cultivation on the west end thereof.

"This 29th day of November, 1922.
        "[Signed] G. B. Sharp."

"To D. G. Smith: You will take notice that I hereby demand of you possession of the following described land, of which you are in possession as my tenant, to wit: * * * Same being lands belonging to me on which you have had a pasture cn the east part thereof for the past three or four years, and a small part of which you have had in cultivation on the west part thereof.

"This the 1st day of January, 1923.
        "[Signed] G. B. Sharp."

Blackwell & Bibb, of Anniston, and W. J. Brock, of Piedmont, for appellant.

To maintain unlawful detainer, plaintiff must prove that after termination of defendant's possessory interest, and more than 10 days before beginning of suit, he made written demand on defendant to deliver possession within 10 days after the service of the notice. Code 1907, § 4263; Ross v. Gray Eagle Coal Co., 155 Ala. 250, 46 South. 564; Eddins v. Galloway Coal Co., 205 Ala. 361, 87 South. 557; Dumas v. Hunter, 30 Ala. 75; Bates v. Ridgeway, 48 Ala. 611; Littleton v. Clayton, 77 Ala. 571. Secondary evidence of a written notice, or the contents thereof, is not admissible, unless the loss or destruction of the original is proved, or unless notice to produce is given. 22 C. J. 989; King v. Bolling, 77 Ala. 596; Brent v. Baldwin, 160 Ala. 635, 49 South. 343; Home Protection, etc., v. Whidden, 103 Ala. 203, 15 South. 567. In an action of unlawful detainer and for damages for unlawful detention of land, evidence of the value of the use and occupation of the land is not admissible, where there has been an agreement on the yearly rental. Code 1907, § 4273. Evidence of an offer of compromise, made before the bringing of the suit, is not admissible. Sandlin v. Kennedy, 165 Ala. 577, 51 South. 622.

Lapsley & Carr, of Anniston, for appellee.

Action of unlawful detainer is not barred by statutory limitations of three years, where tenant in possession has, within three years of the beginning of the suit, promised to pay rent. King v. Bolling, 77 Ala. 594; Barefoot v. Wall, 108 Ala. 327, 18 South. 823; Barnewell v. Stephens, 142 Ala. 609, 38 South. 662. It is not necessary, under Code § 4263, that the 10 days' demand specify the date when the tenant is required to deliver possession; if notice to vacate is given after the termination of tenant's possessory right, suit may begin after 10 days from the giving of notice. Eddins v. Galloway Coal Co., 205 Ala. 361, 87 South. 557; Royal Lumber Co. v. Elsberry, 185 Ala. 462, 64 South. 71.

MILLER, J. This is a suit for an unlawful detainer of land commenced on January 12, 1923, by G. B. Sharp against D. G. Smith in the justice of the peace court. There was judgment for the plaintiff, and the defendant appealed to the circuit court. In the circuit court the defendant pleaded general issue, and statute of limitations of three years under section 4272, Code 1907. To the plea of statute of limitations the plaintiff replied that the defendant "pending and within the time pleaded as a bar to the cause of action in this case has recognized the tenancy from the plaintiff, by paying or promising to pay rents to the landlord within such period." The case was tried by the court without a

⊕⟹For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

jury, judgment was rendered in favor of the plaintiff, and from it this appeal is prosecuted by the defendant.

[1] The demurrers of the defendant to the replication of the plaintiff to the plea of statute of limitations were overruled by the court. This ruling of the court is assigned as error by the defendant, but it is not argued in his brief; so it will not be considered and reviewed by this court. Sokol Bros. Fur. Co. v. Gate, 208 Ala. 107, headnote 2, 93 South. 724; Hymes v. State, 209 Ala. 91, 95 South. 383.

[2] This suit was commenced in the justice of the peace court on January 12, 1923. The undisputed evidence showed that on January 1, 1923, a written demand by plaintiff addressed to the defendant was handed to the defendant. The written demand handed to the defendant on January 1, 1923, was in his possession on the day of the trial, but was not in court. The defendant testified the written papers now offered in evidence by the plaintiff were shown to him when he was in court and the case was called for trial at another time, and to secure a continuance of the case he admitted "that the plaintiff had served notices on him similar to the ones now in court, but that he did not know at the present time whether he then understood that he was saying the two notices now offered in evidence were served on him; that they might have been a copy or something of that sort." There was evidence clearly indicating that this written demand for the land offered in evidence by the plaintiff was a correct copy of the written demand handed to the defendant January 1, 1923, and the court did not err in admitting it in evidence without producing the one given defendant, under the evidence and admissions of the defendant. Under the statute, section 4263, it is sufficient "to leave a copy of such demand in writing at the usual place of abode of the party holding over." Westbrook v. Fulton, 79 Ala. 510; Burnett Cigar Co. v. Art Wall Paper Co., 164 Ala. 547, 51 South. 263; Sandlin v. Anders, 205 Ala. 453, 88 South. 560.

There was evidence showing that the written notice to the defendant dated November 29, 1922, signed by plaintiff, terminating the tenancy, which was offered in evidence by the plaintiff, was a duplicate of the written notice handed to the defendant in November or December, 1922. It stated the tenancy was terminated to take effect on December 31, 1922, and demanded possession of the land within 10 days after December 31, 1923. The court did not err in admitting it in evidence without notice to produce the one handed to the defendant, under the evidence and admissions of the defendant. Westbrook v. Fulton, 79 Ala. 510; Sandlin v. Anders, 205 Ala. 453, 88 South. 560, and authorities supra.

[3] The written notice to defendant to terminate the tenancy and the written notice demanding possession of the land, after the termination of the tenancy, were sufficient in form. Section 4263, Code 1907; Eddins v. Galloway Coal Co., 205 Ala. 361, 87 South. 557.

[4] It is not necessary for the written demand for possession of the land to state any date when possession must be surrendered. The lessee has 10 days after a copy of the written demand is handed to him or after "a copy of it is left at his usual place of abode" to deliver possession to the lessor or to one lawfully entitled thereto. This suit was commenced on January 12, 1923; this was more than 10 days after a copy of the written demand for possession was handed to or left with the defendant on January 1, 1923. The defendant had the time allowed by the statute to surrender possession after receiving a copy of the written demand for it, before this suit was commenced by the plaintiff. Section 4263, Code 1907.

[5] The court permitted the plaintiff over objection and exception of the defendant to prove the reasonable value for the use and occupation of the land per annum during the last three years. The witness answered that $15 or $20 would be the rental value. It is true the statute, section 4273, makes the lessee, when he wrongfully retains possession of the land after the expiration of his term, liable for double the amount of the annual rent agreed to be paid under the contract of lease and for such other special damages as may be thereby sustained by the party thus wrongfully kept out of possession. However, the proof was that defendant under his rent contract with plaintiff was to pay $5 rent per annum for the lands, and the court rendered judgment for $10 for damages for the detention of the land. So if the court erred in admitting this proof in evidence, it was without injury to the defendant under the judgment for damages rendered by the court. The court rendered judgment for only $10 damages for detention of the land, which was double the rental value of the land under the rent agreement for only one year. Section 4273, Code 1907.

[6] Banks Clark, witness for plaintiff, testified that he had a conversation with defendant in the fall of 1922 in regard to a settlement of rents due plaintiff and possession of the land, when he told defendant that plaintiff had left it up to witness and defendant to settle and any settlement they made would be all right. In December following, defendant came to witness and said, "How are you and Dr. Sharp (plaintiff) standing?" to which witness replied, "We are all right, I guess." The defendant said he "had a couple of yearlings, one big one and one small one, and that he would take $38 for them; that he was willing to give the plaintiff the cattle in payment of the indebtedness." Defendant told witness to see Dr. Sharp. This property was never delivered. The defend-

ant's attorney then objected to an offer of compromise before the suit. The court overruled the objection, and the defendant excepted. This was competent and relevant evidence to the issues in the case. It was a voluntary admission by the defendant of an indebtedness to the plaintiff for the rent of the land and an offer to pay it in cattle. Baker v. Haynes, Henson & Co., 146 Ala. 520, 40 South. 968; Matthews v. Farrell, 140 Ala. 298, 37 South. 325; 6 Michie (Evi.) p. 186, §§ 151–155 (2), inclusive.

The plaintiff was in possession of this land as owner prior to 1917. He rented it to the defendant verbally for the year 1917 for $5. Plaintiff testified defendant paid him rent for 1917, 1918, and 1919. There was evidence tending to show that defendant agreed to pay plaintiff rent for the years 1920, 1921, and 1922 when he sold his cotton; but he failed to do so.

The defendant testified he rented the land from the plaintiff for the year 1917, and paid him the rent, $5, for that year, and has paid no rent since then; "that he did tell Mr. Clark, whom plaintiff sent, that if he (defendant) owed plaintiff anything he would pay him; that there was a settlement between them; that this statement to Mr. Clark was the first time anything was said about any rent from 1917 to 1922 by anybody." A further discussion of the evidence is unnecessary.

[7, 8] This case was tried by the court without a jury. The witnesses were examined orally in his presence. His judgment on the facts has the weight of the verdict of a jury. It should not be disturbed unless clearly wrong. There is ample evidence tending to establish the plaintiff's right to a recovery, and the great weight of the evidence sustains the judgment of the court rendered in favor of the plaintiff. McMillan v. Aiken, 205 Ala. 35, headnotes 9–11, 88 South. 135; A. G. S. R. R. Co. v. Longshore, 209 Ala. 227, headnote 3, 96 South. 64. So we are constrained to affirm the judgment of the court.

The judgment is affirmed.

Affirmed.

ANDERSON, C. J., and SAYRE and GARDNER, JJ., concur.