(100 South. 116)

### DRIVER v. JOHNSON. (4 Div. 119.)

(Supreme Court of Alabama. April 24, 1924.)

1. **Mortgages** ⬅️319(3)—**Finding that payments were properly credited to mortgagor's account with mortgagee and another held sustained by evidence.**

Court's finding that amounts paid mortgagee by mortgagor were properly credited on former's account with mortgagee and another, as authorized or consented to by mortgagor, *held* sustained by weight of evidence.

2. **Usury** ⬅️15—**Contract to pay interest at legal rate held not rendered usurious by ex parte entries on mortgagee's books.**

Contracts, evidenced by notes and mortgages, to pay legal interest on money borrowed and to be advanced, *held* not rendered usurious under Code 1907, § 4623, by ex parte entries by mortgagee on his books, without mortgagor's consent, charging interest at legal rate for period of 11 days less than one year.

3. **Appeal and error** ⬅️1009(1)—**Decree based on oral examination of witnesses not disturbed, unless plainly wrong.**

Facts found and decree rendered thereon by trial court, in equity suit, examining witnesses orally in his presence, have effect and weight of jury's verdict, and decree should not be changed or disturbed on appeal, unless plainly wrong.

Appeal from Circuit Court, Geneva County; H. A. Pearce, Judge.

Bill in equity by L. A. Driver against J. J. Johnson for accounting, etc. From a decree for respondent, complainant appeals. Affirmed.

E. C. Boswell and H. G. Tiller, both of Geneva, and Espy & Hill and Farmer, Merrill & Farmer, all of Dothan, for appellant.

The charge of 8 per cent. interest from October 11, 1917, to October 1, 1918, was usurious. Van Beil v. Fordney, 79 Ala. 76; Pearce v. Walker, 103 Ala. 250, 15 South. 568; Barclift v. Fields, 145 Ala. 264, 41 South. 84; Darden v. Schuessler, 154 Ala. 372, 45 South. 130; Lee v. Reynolds, 170 Ala. 328, 54 South. 166; Zadek v. Burnett, 176 Ala. 80, 57 South. 447; Gardner v. Ruffner, 206 Ala. 666, 91 South. 580; Wild v. Crum, 207 Ala. 132, 92 South. 252; Law & Co. v. Mitchell, 200 Ala. 565, 76 South. 923; Lewis v. Hickman, 200 Ala. 672, 77 South. 46. The payment credited to the account of Johnson & Lattimer should have been credited on the mortgage debt. Pearce v. Walker, 103 Ala. 250, 15 South. 568; Levystein v. Whitman, 59 Ala. 346; Johnson v. Thomas, 77 Ala. 367; Mahan v. Smitherman, 71 Ala. 563; Perdue v. Brooks, 85 Ala. 459, 5 South. 126; Boyd v. Jones, 96 Ala. 305, 11 South. 405, 38 Am. St. Rep. 100.

C. D. Carmichael and W. O. Mulkey, both of Geneva, for appellee.

There must be an agreement of the parties to pay and receive more than legal interest. Dominy v. Dowling-Martin Gro. Co., 200 Ala. 619, 76 South. 977. The application of payments, if made without the consent of the debtor, may be ratified by him. Citizens' Bank v. Carey, 2 Ind. T. 84, 48 S. W. 1012; 96 Am. St. Rep. 48; Cain v. Vogt, 138 Iowa, 613, 116 N. W. 786, 128 Am. St. Rep. 216; Turner v. Yates, 57 U. S. (16 How.) 14, 14 L. Ed. 824.

MILLER, J. This is a bill in equity filed by L. A. Driver against J. J. Johnson. It seeks to have the interest eliminated from the debts evidenced by two mortgages given by complainant to the defendant, on the ground it is usurious, for an accounting to ascertain the balance due, if any, on the mortgages, and he offers to pay the amount, if any, found by the court to be legally due the defendant.

The defendant filed answer in nature of cross-bill, denying the usury charged by complainant in the bill of complaint, and praying for the two mortgages to be foreclosed to pay the debts, with legal interest, and for a reasonable attorney's fee secured by the mortgages.

The court by decree found the contracts and debt free of usury; the balance due defendant, J. J. Johnson, under the mortgages, including legal interest, to be $7,370.30 on August 3, 1923, the date of the decree; declared it a lien on the real and personal property described in and conveyed by the mortgages; and directed the property to be sold, in whole or in part, by the register, to satisfy that debt, interest, and cost of the cause, unless complainant paid that sum, with interest and the court cost to the register on or before October 1, 1923. This appeal is prosecuted by the complainant from that decree.

The complainant executed to the defendant two mortgages, one for $8,531.80, dated October 11, 1917, payable October 1, 1918, and the other for $8,328.85 dated January 30, 1922, and due October 1, 1922. Neither mortgage was given for the exact amount of the debt, but each anticipated, contemplated, and included in the amount a contract for

additional amounts to be furnished in money or otherwise before such debt is fully paid. In stating the debit side of the account of mortgage debts the court found that the defendant advanced to or for the complainant eight different items, in money or property; these eight items aggregating $8,882.69. The complainant admits the correctness of each item, except one. It is dated "October 11, 1917," and is for "4 head of mules $800.00." There is some confusion in the testimony as to this item. It appears in the account "October 11, 1917, 4 head of mules $800.00." It is spoken of in testimony as cash paid by defendant for four mules for complainant, and again as $800 for four mules sold him by defendant. The weight of the evidence warranted and justified the court in charging the complainant with $800 for four mules. In this the court did not err.

[1] The complainant, the appellant, insists the court erred in its statement of the credit side of the mortgage debt account in not giving him credit for all of the following items:

September 10, 1918............................ $1,400 00
September 21, 1918............................ 1,700 00
October 10, 1919............................. 3,726 48
October 4, 1920:............................. 1,000 00

The court credited complainant with the $1,700 paid defendant September 21, 1918, but did not credit him with the other three items.

The testimony of the defendant tended to show that he received checks for the other three amounts for complainant, and they were placed to the credit of complainant under his instructions, or with his consent, on a debt due Johnson and Latimer by complainant. The check for $1,700 was drawn on the bank of Hartford by D. S. Folsom, cashier, in favor of L. A. Driver, indorsed by L. A. Driver and J. J. Johnson. Checks for the other three amounts were each drawn by D. S. Folsom, cashier, in favor of J. J. Johnson on the bank of Hartford. Each was indorsed by J. J. Johnson, and each had the following indorsement: "Pay to order of the Citizens' Bank. Johnson & Latimer." This indicates with certainty that the account of Latimer and Johnson was credited with these three amounts at this bank, or that Latimer and Johnson collected these amounts on the checks. The evidence for the complainant tended to show these checks were for the proceeds of cotton sold by complainant, which was in the mortgages of the defendant, and complainant instructed the defendant to credit them on his mortgages involved in this suit; and that defendant, without his authority or consent, diverted the payments, credited them on the debts due Latimer and Johnson by complainant. The defendant was a member of the firm of Latimer and Johnson.

It appears in evidence that there was a suit between complainant and Latimer and Johnson in which the amount of the debt and the payments made on it were also involved, and in that suit the complainant received credit on the debt due Latimer and Johnson, with these three items. The court in its decree on this subject found and stated:

"That all other items of credit insisted upon by complainant, including checks, drafts, or the proceeds thereof, cotton or the proceeds of the sale thereof, received from complainant by either J. J. Johnson or Johnson and Latimer, were applied, and properly so, to the account of complainant with Johnson and Latimer."

The complainant, when these three payments were made to Johnson, had the right to authorize or consent for them to be credited on the Johnson and Latimer debt. There is evidence that he authorized or consented for them to be credited on his account with Johnson and Latimer; and there is evidence to the contrary. In his suit with Johnson and Latimer the court credited him with these items; and it appears from the evidence he retains the benefit thereof. The trial court under the testimony found they were properly credited on the account of complainant with Johnson and Latimer. It is sustained by the weight of the evidence, and will not be disturbed by us. Mahan v. Smitherman, 71 Ala. 563; 10 Michie, Dig. Ala. Rep. 919, §§ 26, 27 (2), on application of payments.

[2] Our statute (section 4623, Code 1907) on usury declares:

"All contracts for the payment of interest upon the loan or forbearance of goods, money, things in action, or upon any contract whatever, at a higher rate than is prescribed in this chapter, are usurious."

Were these two contracts, evidenced by the notes and mortgages, either or both, tainted with usury? The notes and mortgages both contemplate future advances to be made to the mortgagor by the mortgagee. Each was given for an amount in excess of the original loan, to cover the anticipated amounts that might be made; and no usury is shown on the face of the written contracts. So we must look to the testimony of the witnesses and the circumstances to see if the contracts were usurious. The first note and mortgage were executed on October 11, 1917, and it was payable October 1, 1918. The books of the mortgagee contained an account against the mortgagor, and on October 11, 1917, it has the following charges or memorandum:

Oct. 11.  Pd. J. A. Driver $5,000.00.  Int.
          $400.00.  Rec. $14.00.............. $5,414 00
Oct. 11.  4 head mules $800.  Int. $64.00......  864 00

The complainant's testimony tended to show that interest was 8 per cent. from October 11, 1917, to October 1, 1918—eleven days less than a year; and he contends that this rendered the contract usurious. The testimony of the defendant tended to show that the agreement between him and the mortgagor was for the interest to be 8 per cent.

per annum. The complainant testified, when questioned as to what was said by him and the defendant when the arrangement to get the money and advances were made:

"Well, I just went to him and asked him about getting the money to buy this land from Albert, and he said he would let me have it, and I asked him how much interest he would charge, and he said 8 per cent."

In Dominey v. Dowling-Martin Gro. Co., 200 Ala. 619, 76 South. 977, this court wrote:

"Ordinarily the rule is that to constitute usury there must be an intention to contract for and take interest at a higher rate than the statute allows. Van Beil v. Fordney, 79 Ala. 76. Where, without an agreement for usury, usurious interest is gratuitously added to an account, interest at the lawful rate is allowed, and the account must be stated accordingly."

The weight of the evidence tends to show that the parties contracted to pay legal interest, 8 per cent. per annum, on the money borrowed and the other advances that might be made under the contract; and these entries, made ex parte by the defendant on his books, without the consent of the complainant, would not render the contract usurious, as it appears the contract was intended by the parties to bind the mortgagor to pay only 8 per cent. per annum. Blue v. First Nat. Bank, 200 Ala. 129, h. n. 6, 75 South. 577, and authorities supra.

[3] The witnesses were examined orally in the presence of the trial court. He states in the opinion of the decree on this subject the following:

"Before, or at the time, this note and mortgage were executed, Johnson agreed to make the advances at 8 per cent. per annum, and Driver agreed to pay him therefor 8 per cent. per annum on such loans. Since that time no further agreement has been had between the parties as to the rate of interest to be charged and paid. Johnson cannot collect nor can Driver be required to pay him more than the rate agreed upon. If in entering up in his account against Driver on his book Johnson has charged Driver with interest at a greater rate than that agreed on it is his ex parte act and is an improper charge and will not be allowed. Under the terms of their agreement. Driver is liable to Johnson for the different items of advances made with interest at the rate of 8 per cent. per annum from the date each advance was made, less a credit of all payments made worked out according to the rule of partial payments, which rule is followed by the court in its ascertainment of the account between the parties."

The facts found and the decree rendered thereon by the trial court, when the witnesses are examined orally in his presence, have the effect and weight of the verdict of a jury. The decree, based on these facts, should not be changed or disturbed by us, unless plainly wrong. It is fully sustained and support-ed by the evidence. Christie v. Durden, 205 Ala. 571, h. n. 1, 88 South. 667; A. G. S. R. Co. v. Longshore, 209 Ala. 227, h. n. 3, 96 South. 64.

The decree is free from error, and is affirmed.

Affirmed.

ANDERSON, C. J., and SAYRE and GARDNER, JJ., concur.