DOYLE, APPELLANT, *v.* MULLANEY ET AL., RESPONDENTS.

(No. 6,676.)

(Submitted December 16, 1930. Decided January 20, 1931.)

[295 Pac. 760.]

*Mr. E. D. Elderkin,* for Appellant, submitted a brief and argued the cause orally.

*Mr. J. Frank Sullivan,* for Respondents, submitted a brief and argued the cause orally.

MR. JUSTICE ANGSTMAN delivered the opinion of the court.

Plaintiff, on July 31, 1929, commenced three separate actions in unlawful detainer in the justice court of Silver Bow township. For the sake of convenience we shall refer to them as the first, second and third actions.

The first action was to recover possession of a certain house situated at 20 West Silver Street in Butte, together with past due rent in the sum of $220 and $25 damages, which amounts were asked to be trebled. The complaint in that action alleged that plaintiff leased the property by written instrument to defendant Ethel Warwick Mullaney, who was then Ethel Warwick; that the lease was made on June 7, 1926, for a period of two years, at a monthly rental of $20, payable monthly in advance; that since the making of the lease Ethel Warwick was married to defendant M. J. Mullaney; that M. J. Mullaney went into possession of the property and "by mutual agreement and consent became a tenant of said plaintiff"; that defendants are holding possession jointly as plaintiff's tenants; that the sum of $220 was due as rent when the action was commenced; that on July 25, 1929, demand in writing was made by plaintiff upon defendants "by serving a written notice on M. J. Mullaney" for payment, or that they surrender possession within three days, neither of which demands was complied with.

The second action was for restitution of a house situated at 22 West Silver Street, for $225 past-due rent and $25 damages, which were sought to be trebled. The complaint in this action was identical with that in the first action, except that the lease was oral and for "the term of one month," was made on April 8, 1923, at a monthly rental of $15, payable monthly in advance.

The complaint in the third action was identical with that in the second, except that it involved a house at 24 West Silver Street, with a monthly rental of $30, under oral lease made May 1, 1923, with a balance due when the action was commenced of $390.

The cases were appealed to the district court of Silver Bow county and were ordered consolidated and tried together. They were tried to the court sitting with a jury, Honorable Frank L. Riley, Judge presiding. The jury found for plaintiff and against defendants, resulting in judgment in her favor for treble the amount of rent demanded, and for possession of the property. The defendants moved to set aside the verdict and for a new trial. Affidavit of disqualification was filed against Judge Riley, and the causes were transferred to department No. 2, presided over by Honorable Wm. E. Carroll, who, deeming himself disqualified, transferred the same to department No. 3, presided over by Honorable Jeremiah J. Lynch, who heard and granted the motion. This appeal is from the order granting a new trial.

The motion was based upon several grounds, among which were insufficiency of the evidence to justify the verdict, that the verdict is against law, and errors in law occurring at the trial.

The evidence, so far as deemed necessary to relate it, shows that plaintiff leased the property as alleged to defendant Ethel Warwick Mullaney; that the rent alleged to be due under each lease was still owing and unpaid; that separate written notice relating to each lease was served upon M. J. Mullaney on July 25, 1929. The notices, except for the description of the property, the amount of rent due, and the time of its accrual, were identical. That served in the first action was as follows:

"Notice to Quit.

"To Ethel Warwick Mullaney, Mickey Mullaney, Tenants in Possession.

"You are hereby required to pay the rent of the premises hereinafter described and of which you now hold possession,

amounting to the sum of Two Hundred Twenty Dollars, from the 7th day of Sept., 1928, to the 7th day of August, 1929, or deliver up possession of the same, or any rent due and unpaid from you, or we shall institute legal proceedings against you to recover possession of said premises with treble rent. Said premises are situate in the City of Butte, Montana, and described as follows; to wit: That certain four-room frame dwelling, Butte, Montana, and known by the street number as 20 West Silver Street, Butte, Montana.

"Dated Butte, Montana, July 26, 1929.

"[Signed] SOPHIE DOYLE, Owner."

Our statute providing for unlawful detainer actions has to do with cases only where the relation of landlord and tenant exists (*Centennial Brewing Co.* v. *Rouleau,* 49 Mont. 490, 143 Pac. 969), and, to maintain an action against the spouse of the lessee, plaintiff must show that the spouse was also a tenant (*Sandlin* v. *Anders,* 205 Ala. 453, 88 South. 560).

The only evidence tending to support plaintiff's claim that the relation of landlord and tenant existed between plaintiff and defendant M. J. Mullaney is the testimony of plaintiff to the effect that M. J. Mullaney married Ethel Warwick Mullaney, went into possession of the property, and sometimes paid the rent to plaintiff. At the conclusion of plaintiff's evidence defendants moved for a judgment of nonsuit for failure of proof, which was denied. Defendant M. J. Mullaney testified that he married defendant Ethel Warwick Mullaney on June 17, 1926, and that whenever he paid the rent he did so for his wife. He denied that he ever occupied any of the property. Defendants renewed their motion at the close of all of the evidence, and it was again denied. We think the motion should have been sustained as to defendant M. J. Mullaney. The evidence is insufficient to establish the relationship of landlord and tenant between plaintiff and defendant M. J. Mullaney.

While "a presumption of a tenancy arises where an entry and occupancy is with the permission of the owner"

(*Hamilton* v. *Crane*, 62 Mont. 319, 205 Pac. 205, 206), yet this presumption is of no avail here as against M. J. Mullaney, where the proof shows that the leases were made to Ethel Warwick Mullaney, and where there is no proof that he is holding as a subtenant of his wife, or that he agreed to pay the rent. His occupancy stands on no different footing than would that of any other relative of Mrs. Mullaney living with her. The leases having been made to her, she is, in contemplation of law, the one in the occupancy of the premises, in the absence of any proof showing the assumption by her husband of the obligation to pay rent. The fact that he did pay the rent is, of course, a circumstance indicating that the relation of landlord and tenant existed, but "the presumption of the relationship of landlord and tenant arising from the payment of rent by an occupant may be overcome by showing that the payment was by mistake or by other circumstances proving it not to have been in recognition of the relation." (35 C. J. 959.) Here, the only proof showing the circumstances under which the rent was paid by Mr. Mullaney is his testimony that he did so for his wife. The payor of rent is not a tenant when it is shown that the rent was paid on account of another. (Tiffany on Landlord & Tenant, sec. 18, p. 169.) The judgment against defendant M. J. Mullaney cannot stand.

The complaints, as above noted, proceed upon the theory that both defendants were tenants of plaintiff, and that service of notice to quit upon one was sufficient to bind both. This was also the theory upon which the case was tried. Over objection of defendants, the court gave to the jury instruction No. 18, which was as follows: "That service in the manner required by law, as explained to you in these instructions, upon one of two tenants of a notice such as is described in the foregoing instruction, addressed to both, is sufficient to bind both, though both are in occupation of the premises." The objection was upon the ground that there was no evidence to which the instruction was applicable.

The court also instructed the jury, without objection, that, if they should find that M. J. Mullaney was not a tenant of plaintiff, their verdict should be in favor of both defendants. The court in giving this instruction evidently was of the view that there was no substantial evidence tending to show the service of notice upon defendant Ethel Warwick Mullaney.

We think the court erred in giving instruction No. 18, since there was no evidence showing that both defendants were tenants of plaintiff.

We may say, in passing, that we have not overlooked the evidence of plaintiff tending to show that notice was given to defendant Ethel Warwick Mullaney, within the rule announced in *Earl Orchard Co.* v. *Fava,* 138 Cal. 76, 70 Pac. 1073. But this evidence was denied by her. The verdict of the jury against her cannot be said to rest upon a finding that she was served with notice, but it is apparent from the instructions given and the theory upon which the case was tried that the verdict of the jury against both defendants was based upon the finding, unsupported by evidence, that M. J. Mullaney was a tenant of plaintiff. There being no evidence of this fact, the court properly set aside the verdict as against both defendants.

There is a serious question whether the complaints are sufficient to show that defendants' possession prior to the three days' notice was without plaintiff's permission so as to bring the case within section 9889, Revised Codes 1921, as held in *Boucher* v. *St. George,* 88 Mont. 162, 293 Pac. 315; but since the specific question has not been raised, and since the question may be eliminated upon another trial, we shall not discuss it.

The order granting the motion for new trial was proper and is affirmed.

ASSOCIATE JUSTICES FORD and MATTHEWS concur.

MR. CHIEF JUSTICE CALLAWAY: With the exception of the last paragraph, I agree with what is said in the foregoing opinion. The complaints are sufficient. (See Cowdery's Justice Treatise, sec. 1660; Bancroft's Code Practice and Remedies,

pp. 4255, 4256.) Three days' notice was sufficient. In my opinion, *Boucher* v. *St. George,* supra, is based upon a misconception of our statutes, and is fundamentally unsound.

MR. JUSTICE GALEN: I concur with the views of Mr. Chief Justice CALLAWAY as above expressed.