HERZOG, RESPONDENT, *v.* THE TEXAS COMPANY, APPELLANT.

(No. 6,698.)

(Submitted December 13, 1930. Decided December 31, 1930.)

[294 Pac. 962.]

*Mr. John K. Claxton* and *Mr. Harlow Pease*, for Appellant, submitted a brief and argued the cause orally.

*Mr. Earl N. Genzberger* and *Mr. Joe C. Giacoma,* for Respondent, submitted an original and a supplemental brief; *Mr. Genzberger* argued the cause orally.

584

MR. JUSTICE GALEN delivered the opinion of the court.

This is an action in forcible entry. In plaintiff's complaint it is alleged that between 6:00 P. M. on November 12, 1928, and 9:20 A. M. on November 13, 1928, while the plaintiff was in peaceful possession as a tenant of certain office rooms on the second floor of the Clark Building in the city of Butte, used by him in the conduct of his business as a dentist, the defendant by its agents, officers and employees, forcibly entered upon such premises, by breaking the doors and other portions thereof, and ejected him therefrom without his consent and against his will. Special damages are pleaded, in the sum of $118, by reason of injury to and the loss of certain described articles, and the prayer is for allowance of

the amount of special damages so claimed, together with general damages in the sum of $2,500, and $2,000 as exemplary damages. The prayer is that the damages found be trebled as provided by law. The defendant's answer consists of a general denial. The cause was tried to a jury and verdict was rendered allowing the plaintiff general damages in the sum of $455. The court trebled the amount and entered judgment for the plaintiff for the sum. of $1,365, together with costs. The defendant moved for a new trial, which was denied by the court, and the cause is now before us on appeal from the judgment.

The preponderating evidence substantiates the allegations of the complaint. It appears that during the summer of 1928, the defendant, The Texas Company, acquired by purchase the Clark Building, situated at the southwest corner of Broadway and Main Streets in the city of Butte, and immediately went into possession thereof; that the plaintiff was then, and theretofore for a period of about two years had been, a tenant of the building, from month to month, on oral contract to pay rent monthly in advance, occupying rooms on the second floor in the conduct of his business as a dentist. He was in default in the payment of his rent due from month to month for October and November, at the time of the injuries of which he complains.

The defendant being desirous of remodeling the building, notified tenants occupying space and all had vacated prior to November 1, 1928, excepting Dr. Kelly and the plaintiff, who had been officing together on the second floor. Improvements on the building were commenced under the supervision of W. F. Lankford, the latter part of September, and on September 29, 1929, the defendant made and served formal demand in writing upon the plaintiff and Dr. Kelly to vacate which stated in substance that it was to be considered as "the usual thirty days' notice, and that Mr. Lankford was doing the reconstruction work." Dr. Kelly moved out about November 4, but the plaintiff being unable to secure other suitable quarters, continued in possession until November 13,

although the work was in progress in the other rooms and in the hallway of the second story of the building. No one was possessed of keys to the offices occupied by the plaintiff, so far as he was informed, other than the janitress employed by him to care for his offices, and on the evening of November 12, at about 6 o'clock, when he closed his offices for the day he was very careful to see to it that all doors leading into the same were securely locked, bolted and fastened. On the morning following when he came to his offices about 9:15 o'clock he found the doors thereof all open, and two carpenters, a laborer and a sign painter at work therein. Some of the doors had been removed, as had also the door sills and frames, a partition and an electric sign; the air was filled with plaster and other dust, and the plaintiff's X-ray machine and other furniture were piled in the center of one of the office rooms. The work was being done under the direction of Mr. Lankford, the defendant's construction foreman, and by its order.

Of the many assignments of error specified, we are of opinion that but one question so presented is necessary for consideration in disposition of the appeal, viz.: Did the court err in instructing the jury as to the law, over the defendant's objection, (1) that if it found from a preponderance of the evidence that the defendant was guilty of forcible entry into the premises which were theretofore actually and peaceably occupied by the plaintiff, without the consent of the plaintiff, to find verdict in favor of the plaintiff for the restitution of the premises, and award him such damages as from a preponderance of the evidence were found would compensate him for all of the detriment proximately caused thereby, whether it could have been anticipated or not, not exceeding, however, the sum of $2,618, actual damages; (2) that "within the meaning of the statute any opening of a closed door or window involving the use of force however slight, even with the use of a key or the turning of a latch, if done without the consent and against the will of the person actually and peaceably in possession, is to be regarded as

breaking open the door or window of the premises occupied";
and (3) "that a landlord who wrongfully intrudes upon his
tenant and takes possession of his tenant's personal property,
is liable for the conversion thereof, and in case of a wrong-
ful eviction, which results proximately in the destruction of
the tenant's business, the value of that business, as shown
by the preponderance of the evidence, may be likewise re-
covered, as it is the policy of the law that the injured party
be put in the same condition he would have been if the wrong
had not been committed, so far as money can do it."

"Every person is guilty of a forcible entry who either:
1. By breaking open doors, windows, or other parts of a house,
or by any kind of violence or circumstance of terror enters
upon or into any real property or mining claim; or, 2. Who,
after entering peaceably upon real property or mining claim,
turns out by force, threats, or menacing conduct, the party
in possession." (Sec. 9887, Rev. Codes, 1921.)

The plaintiff in forcible entry is required only to show,
in addition to a forcible entry of the premises, that he was
peaceably in the actual possession of the property at the
time of the forcible entry (Id., 9899.), and the jury is re-
quired to assess the damages occasioned to the plaintiff by
a forcible entry, alleged in the complaint and proved at the
trial, and judgment shall be rendered against the defendant
guilty of the forcible entry, for three times the amount of
damages thus assessed. (Id., 9901.)

Our statutes do not contemplate that a person, even though
lawfully entitled to possession, may by force or stealth
obtain possession and thereby put upon the occupant of the
property the burden of proving paramount title or right of
possession. (*Ridpath* v. *Denee*, 85 Wash. 322, 148 Pac. 15.)
Rather, they are intended to require people to settle their dis-
putes arising concerning real estate not by force, but by
the peaceful process of the law. (*Vance* v. *Ferguson*, 101
S. C. 125, 85 S. E. 241.)

Clearly, the object of section 9887, Rev. Codes 1921, is to
furnish a summary remedy to obtain possession of real prop-

erty, and to prevent even rightful owners from taking the law into their own hands and proceeding by violence to take possession. (*Sheehy* v. *Flaherty*, 8 Mont. 365, 20 Pac. 687; *Spellman* v. *Rhode*, 33 Mont. 21, 81 Pac. 395.)

The questions to be tried are whether or not the tenant was in the actual, peaceful and physical possession of the property at the time and whether that possession was forcibly taken away from him. (*Cahill* v. *Pine Creek Oil Co.*, 38 Okl. 568, 134 Pac. 64.) And where, as here, a tenant, shown to be the peaceful occupant of rented premises, temporarily absents himself therefrom, leaving the doors securely fastened, and upon his return finds intruders therein, without his consent, the circumstances indicating an entry by forcing or breaking the doors, it is for the jury to determine whether there was a forcible entry. (*Sprinkle* v. *Anderson*, 57 Mont. 223, 187 Pac. 908.) And a landlord who wrongfully intrudes upon his tenant in peaceable possession of rented premises and takes possession of the tenant's personal property, is liable in damages for its conversion, and where the eviction is wrongful, proximately resulting in the injury or destruction of the tenant's business, the tenant may recover from the landlord the reasonable amount of damages to his business shown to have been sustained, and evidence of loss of profits is admissible in proof of damages. (*Quong* v. *McEvoy*, 70 Mont. 99, 224 Pac. 266.)

In our opinion the instructions given to the jury, above adverted to, correctly stated the law applicable, and therefore no error was in that respect committed by the court. Very properly the allowance of exemplary damages was, without objection, withdrawn from the jury's consideration, there being no malice shown.

Counsel for the defendant complain bitterly of the court's refusal to instruct the jury that any amount of damages by it found in the plaintiff's favor would be multiplied by three, and in refusing them the privilege of calling to the jury's attention such provision of the law in argument. There is no merit in this contention. It is the province of the jury

to find the amount of actual damages sustained, and that of the court to treble the amount in entering judgment (sec. 9901, Rev. Codes, 1921)—a matter of law controlling upon the court, and with which the jury have nothing whatever to do.

For the reasons stated the judgment is affirmed.

Mr. Chief Justice Callaway and Associate Justices Matthews, Ford and Angstman concur.

Rehearing denied January 20, 1931.

