STEINBRENNER, APPELLANT, *v.* LOVE ET AL., RESPONDENTS.

(No. 8,337.)

(Submitted September 15, 1942.   Decided September 17, 1942.)

[129 Pac. (2d) 101.]

*Mr. Fred W. Schilling,* for Appellant, submitted a brief and argued the cause orally.

No appearance in behalf of Respondents.

MR. CHIEF JUSTICE JOHNSON delivered the opinion of the court.

Plaintiff appeals from a default judgment in his favor in an unlawful detainer suit.

The complaint, in addition to the other necessary recitals, alleges the renting of the premises to the defendants at a monthly rental of $15, the non-payment of the rent for the period from March 1 to October 1, 1941, "a total sum of $90.00"; the prayer was for judgment for the restitution and possession of the premises, the forfeiture of the lease, "and for the sum of $90.00, the amount now due and unpaid for the rent thereof and such further sum as may accrue from the time of filing this complaint to the rendition of judgment herein, and that the amount found due for rent may be trebled, and also for the costs of this suit."

The complaint was filed on October 14th and judgment was rendered on November 4, 1941, twenty-one days later, during which interval $10.50 more of rent had accrued. As to defaulting de-■ fendants, the relief granted cannot exceed that which is demanded in the complaint. (Sec. 9316, Revised Codes; *Stillwater County* v. *Kenyon*, 89 Mont. 354, 297 Pac. 453.) Since the amount sought was not the rent from March 1, 1941, to date of judgment, but $90 for rent to October first, plus rent at the rate of $15 per month from the filing of the complaint to the date of judgment, the plaintiff's total demand is for $100.50 trebled. The trial court found $105 due as rent (which was apparently the $90 claimed to October first plus $15 for October) but refused to treble the amount and gave plaintiff judgment for the $105 with $7.50 costs.

Plaintiff contends that the rent should have been trebled, and ■ ■ the sole question is the interpretation of that part of section 9901, Revised Codes, which provides: "The jury, or the court if the proceeding be tried without a jury, shall also assess the damages occasioned to the plaintiff by any * * * unlawful detainer, alleged in the complaint and proved on the trial, and find the amount of any rent due, if the alleged unlawful detainer be after default in the payment of rent; and the *judgment shall be rendered against the defendant,* guilty of the * * * unlawful detainer, *for three times the amount of the damages thus assessed, and of the rent found due.*"

The question is whether damages and also rent, or damages only, are to be trebled under the statute. It has heretofore been held that the court has no discretion whether the damages shall be trebled (*Centennial Brewing Co.* v. *Rouleau,* 49 Mont. 490, 143 Pac. 969; *Herzog* v. *Texas Co.,* 88 Mont. 580, 294 Pac. 962) and the same must be equally true as to rent if that item is included in the legislative provision, properly interpreted.

We must interpret the statute according to the context and the approved usage of the language (sec. 15, Rev. Codes), which means according to the ordinary rules of grammar; and if thus regarded the words embody a definite meaning involving no

absurdity or contradiction we may not add to nor take away from their meaning. (*State ex rel. Palagi* v. *Regan,* 113 Mont. 343, 126 Pac. (2d) 818.)

The provision is that the judgment shall be "for three times the amount of the damages thus assessed, and *of* the rent found due." *The words "of the damages thus assessed,* and *of the rent found due"* obviously constitute two separate and coordinate prepositional phrases connected by the word "and." The antecedent of both of those phrases is the noun "amount," which is not only the nearest antecedent but the only logical one.

If the word "of" had been omitted by the legislature, the remaining words would have provided that the judgment should be for "three times the amount of the damages thus assessed, and the rent found due." We need not consider whether in that event the word "of" preceding the words "the damages" would also logically relate to the words "the rent"; for since the legislature chose to repeat the word "of" before the words "the rent" we have no power to omit it. Therefore the amount which under the legislative provision must be trebled in the judgment includes rent as well as damages.

It is interesting to note that upon its first enactment as section 2094 of the Code of Civil Procedure of 1895 the provision in this respect was identical with our present code section, and that there has been no intervening change.

The court having no discretion in the matter, it necessarily follows that the amount of the rent should have been trebled. However, as noted above, the proper amount to be trebled is $100.50 rather than $105. It is therefore ordered that the judgment be modified so as to provide that the sum of $100.50 is due the plaintiff from the defendants as rent, and that the same be trebled according to law; and that as so modified the judgment be affirmed. The appellant is awarded his costs upon this appeal.

ASSOCIATE JUSTICES ANGSTMAN, ERICKSON, ANDERSON and MORRIS concur.