STATE ex rel. NEEDHAM, Relator, v. JUSTICE COURT IN AND FOR TOWNSHIP AND COUNTY OF SILVER BOW ET AL., RESPONDENTS.

No. 8676
Submitted June 11, 1946. Decided June 28, 1946.
171 Pac. (2d) 351

Mr. Philip O'Donnell, Mr. John K. Claxton and Mr. Frank K. Sullivan, all of Butte, for relator.

Mr. Floyd C. Fluent, of Butte, for respondents.

MR. JUSTICE ADAIR delivered the opinion of the court.

Original proceeding. Application for writ of supervisory control.

In the conduct of his business Paul I. Needham occupied five office rooms in the Mayer Building in Butte, Montana, as a tenant under an oral agreement with the owners of the property to pay rent therefor monthly in advance on or before the 15th day of each month.

Needham paid his landlords $100 on the 15th day of January 1946, being the rent in advance for the month commencing on that day and to expire on the 15th day of February.

On January 30, 1946, proceeding pursuant to section 6769, Revised Codes, the landlords served upon Needham a written notice that the terms of the hiring of the premises will be changed from and after the 15th day of February, 1946, and that commencing with the latter date the rent of said offices would be increased to $200 per month payable one month in advance. Needham continued to hold and occupy the offices after the expiration of the month and now occupies and holds

the offices but he refuses to pay the monthly rental of $200 required of him by the notice and the landlords decline to accept a lesser amount.

On March 16, 1946, proceeding pursuant to subdivision 2 of section 9889, Revised Codes, the landlords served upon Needham a second written notice addressed to him and stating that $400 is due as rent for the office rooms occupied by him for the period beginning on the 15th day of February 1946 and ending on the 15th day of April 1946, and demanding payment of such amount or that Needham deliver up the possession of the premises within three days from the date of the service of such notice and demand.

Needham refused to pay the amount demanded of him as rent and he refused to deliver up the possession of the office rooms.

On March 22, 1946, the landlord owners of the building commenced in the justice court in and for the township and county of Silver Bow, Montana, before John J. McNamara, a justice of the peace, and pursuant to subdivision 2 of section 9889, Revised Codes, supra, an action of unlawful detainer against Needham seeking restitution of the property, damages and costs. Needham appeared in the action and through his attorney filed an answer wherein he denied the existence of any tenancy at the monthly rental of $200 per month and alleged that he is the owner of an estate from month to month in the office rooms occupied by him at the monthly rental of $100 per month.

The answer also alleges:

"That defendant is agreeable to continuing to pay the rent established heretofore as the reasonable rental for the rooms occupied by him in the said Mayer Building of One Hundred and no/100 ($100.00) Dollars per month, and is ready, able and willing to pay said rental when the plaintiffs will receive the same and for that purpose this defendant tenders into Court the sum of Three Hundred and no/100 ($300.00) Dollars as rental from the 15th day of February, 1946 to the 15th

day of May, 1946, and is agreeable to having the same paid and delivered to the plaintiffs when it is and will be received as rental for said period of time. That any other rental is unconscionable, illegal, unwarranted and oppressive.

"That said sum so tendered into Court is the property of John K. Claxton, the defendant's attorney, but that said attorney agrees that said sum may be applied to the payment of said rent, if and when the same is accepted by the plaintiffs as rental for the above described period, to-wit: from February 15th, 1946 to May 15th, 1946."

A trial in the justice court resulted in the following judgment entered on May 31, 1946, for the plaintiff landlords and against the defendant Needham, viz.:

. "From the evidence the court finds for the plaintiff and against the defendant herein for the sum of $400 trebled and for the possession of premises and for costs. That there was a tenancy from month to month from the 15th day of one month to the 15th day of the next month at the monthly rental of $100.00 but that by written notice served January 30, 1946, the rent was raised to $200.00 per month commencing February 15th, 1946.

"Now, therefore, it is ordered, adjudged and decreed by this court that the plaintiff do have and recover of and from the defendant damages in the sum of $400.00 trebled and possession of premises described in the complaint and for costs of this action."

On June 3, 1946, the relator Needham applied to this court for a writ of supervisory control to be directed to the said justice court and to the said justice of the peace seeking (1) to prohibit the enforcement of the above judgment pending determination of this proceeding, (2) to direct the annulment of the foregoing judgment, (3) to direct that relator be restored to his tenancy, (4) to direct that judgment be entered in favor of relator and against the landlords, and (5) to require the said justice court and said justice of the peace to appear before

this court to show cause why the relief sought as above should not be granted.

Numerous arguments are advanced for the issuance of the writ.

First relator complains that on May 31, 1946 the justice court "entered its judgment for treble the amount of the rent found due for the month beginning February 15, 1946 before any unlawful detainer could possibly have arisen." This complaint is without merit. The relator entered into possession of the offices under a verbal agreement to pay $100 per month in advance as rent therefor. Thereafter and without any new agreement the relator held over for a considerable period of time paying to the landlords on or before the 15th day of each month the rent money in the amount of $100. This arrangement constituted relator a tenant from month to month. Herzog v. Texas Company, 88 Mont. 580, at page 585, 294 Pac. 962, at page 962; Mahoney v. Lester, Mont., 168 Pac. (2d) 339; Chapter 48, page 113, Laws of 1931. The general rule is that a tenant holding by a verbal letting for an indefinite term at a monthly rental becomes a tenant from month to month. As is said in 3 Thompson on Real Property, Perm. Ed., p. 51: "Where a person rents premises at a certain rate per month and holds over for several months, paying the same rent without any new arrangement, he becomes a tenant from month to month." Again at page 55 the same authority says: "A mere current lease at a monthly rental in advance, subject to be terminated at any time by nonpayment of the agreed rent or violation of other conditions does not convey to the lessee an 'estate' of any kind in the land, though it does give the lessee an interest therein. A tenancy from month to month is not a continuing right of possession; but as in the case of a tenancy from year to year, it is taken to end and recommence at the expiration of every month."

On the 15th day of January 1946 the relator paid $100 to his landlords being one month's rent from that date to the 15th day of February 1946 when the month would expire.

On January 30, 1946, relator was served with written notice of the change in the terms of the oral lease increasing the monthly rental to $200 payable each month in advance. Section 6769, Revised Codes, provides: ''In all leases of lands or tenements, or of any interest therein, from month to month, the landlord may, upon giving notice in writing at least fifteen days before the expiration of the month, change the terms of the lease, to take effect at the expiration of the month. The notice, when served upon the tenant, shall of itself operate and be effectual to create and establish, as a part of the lease, the terms, rent, and conditions specified in the notice, if the tenant shall continue to hold the premises after the expiration of the month.''

By the enactment of the above statute the legislature has ▮ provided the procedure and method whereby a landlord may effect a change in the terms of the lease of a tenant from month to month. Upon being served with the statutory notice the tenant may deliver up the premises to the landlord at the expiration of the month or he may hold over and continue in possession in which event he is deemed to have assented to the changed terms, rents and conditions specified in the notice. Sec. 6769, Revised Codes, supra.

In the instant case the relator having continued to hold the premises after the expiration of the month ending on February 15th elected to accept the changed terms whereby he became obligated to pay in advance a monthly rental of $200 commencing with the monthly rent payment due February 15th. However, relator, although continuing to hold and occupy the offices, failed and refused to pay the rent due on the 15th days of February and March, thus being in default in the payment of two months' rent.

''Since a tenant is under duty, it being a covenant express ▮ or implied in all leases, to deliver up the premises to the landlord on the termination of a lease, the tenant can hold over rightfully only pursuant to a valid agreement with the landlord. Holding over by the tenant without such agreement of the landlord puts the tenant in the position of being in wrong-

ful possession against the landlord. He is a wrongdoer. Nevertheless, while such possession by the tenant is wrongful, he is not, for teachnical reasons, immediately a trespasser. He holds over by the laches of the landlord who *at his election* may either treat him as a trespasser or accept him as a tenant. * * * It is optional with a landlord to treat a tenant wrongfully holding over as a trespasser or to waive the wrong of holding over and treat him as a tenant. * * * A tenant holding over has no election to regard himself as a tenant; such election is in the landlord.'' (Emphasis ours.) 32 Am. Jur., Landlord and Tenant, secs. 918, 919, pages 778, 779. Mahoney v. Lester, 118 Mont. 551, 168 Pac. (2d) 339.

The landlord by serving upon relator the three days' notice in writing provided for in subdivision 2 of section 9889, Revised Codes, elected to treat relator as a tenant from month to month. Mahoney v. Lester, supra; 32 Am. Jur. sec. 941, p. 793; Annotation, 152 A. L. R. 1416. Upon being served with such notice the relator had three days in which to pay the rent due on the 15th days of February and March or to deliver up the possession of the property. The relator failed and refused to pay the rent or surrender possession within three days after service of the notice and, by continuing in possession, he became guilty of unlawful detainer under subdivision 2 of section 9889, Revised Codes.

Upon the trial it became necessary under section 9901, Revised Codes, to assess the damages occasioned to the landlords by the unlawful detainer and to find the amount of rent due. The statute (9901, Rev. Codes) also provides, ''and the judgment shall be rendered against the defendant, guilty of the * * * unlawful detainer, for three times the amount of the damages thus assessed, and of the rent found due.''

On March 22, 1946, when the action for unlawful detainer was commenced the rent payable on February 15th and on March 15th was past due, owing and unpaid and the amount thereof was rightfully included in the judgment.

Relator next complains that in rendering judgment for three

times the amount of damages assessed and rent found due the justice of the peace followed the construction which this court placed upon section 9901, Revised Codes, supra, in its decision in Steinbrenner v. Love, 113 Mont, 466, 129 Pac. (2d) 101; that upon appeal to the district court that such court will likewise follow and be bound by this court's decision in the Steinbrenner case, supra; that this court's decision therein is harsh, unreasonable and contrary to express statutes not considered by the court and that the matters and things therein decided by this court should be reconsidered in this proceeding and be expressly overruled.

This court is not authorized to interfere with the proceeding in an inferior court and to supervise such court for adhering to and following controlling statutes as construed and interpreted by the most recent decision of this court.

This court has long regarded the provisions of section 9901, Revised Codes, as mandatory and as imposing the duty on the trial court to treble the amount of damage assessed and the amount of the rent found due. Steinbrenner v. Love, 113 Mont. 466, 129 Pac. (2d) 101; Centennial Brewing Co. v. Rouleau, 49 Mont. 490, 143 Pac. 969. Compare: Missoula Electric Light Co. v. Morgan, 13 Mont. 394, 34 Pac. 488; Herzog v. Texas Company, 88 Mont. 580, 294 Pac. 962; Sullivan v. Big Horn County, 66 Mont. 45, 212 Pac. 1105; Stoltz v. United States, 9 Cir., 99 F. (2d) 283; Forrester v. Cook, 77 Utah 137, 292 Pac. 206; Feedler v. Schroeder, 59 Mo. 364; Northwest Theatres Co. v. Hanson, 9 Cir., 4 F. (2d) 471.

Section 8695 of the Civil Code is a general statute which provides for the payment to the landlord of "treble rent" during the time a tenant of lands continues in possession where such tenant holds over "after demand made and one month's notice, in writing given, requiring the possession thereof."

But this is an action for unlawful detainer commenced and prosecuted under the special provisions of sections 9889 to 9906, inclusive, of the Code of Civil Procedure governing such actions. The written notice given to the tenant was the three

days' notice provided for in subdivision 2 of section 9889, Revised Codes, and the judgment rendered in such action must conform to the requirements of the special provisions of section 9901, Revised Codes, providing for a judgment "for three times the amount of the damages thus assessed, and of the rent found due."

A familiar rule of construction is, that when a general and particular provision of statute are inconsistent, the particular provision will prevail. The particular provisions of sections 9889 and 9901, Revised Codes, and not the general provisions of section 8695, Revised Codes, control in this action.

The statutes involved were enacted by the legislature of this state and if the remedies therein provided are harsh or burdensome as alleged by the relator the amendment of such laws must come through the legislature and not through this court by the exercise of its supervisory power over inferior courts.

On the hearing the respondents moved that the alternative writ heretofore issued be quashed and the proceeding dismissed, for the reason that the application does not state facts sufficient to warrant the granting of the writ. The motion and the cause were submitted and then taken under advisement at the same time. The motion to quash must be sustained, and the proceeding dismissed at the cost of the relator and it is so ordered. Judgment will be entered accordingly. Dismissed.

Mr. Chief Justice Lindquist and Association Justices Morris and Angstman concur.

Mr. Justice Cheadle:

I concur in the result for the reason that I think that the relator has an adequate remedy by appeal to the district court where the matter would be tried de novo and has not made a showing sufficient to justify the assumption of jurisdiction by this court.