188 P.2d 180

**FIRST NAT. BANK IN ALBUQUERQUE**
**v. TANNY.**

**No. 5062.**

Supreme Court of New Mexico.

Dec. 29, 1947.

Murphy & Nohl, of Albuquerque, for appellant.

Rodey, Dickason & Sloan, Frank M. Mims, and Jackson G. Akin, all of Albuquerque, for appellee.

LUJAN, Justice.

The defendant appeals from a judgment entered against him in the district court, where damages were assessed in double the rental value of the premises in question, used and occupied by him from the date of the original judgment to the date of delivery of possession.

On December 6, 1945, the plaintiff filed an unlawful detainer action against the defendant in the district court of Bernalillo County to recover possession of certain rooms occupied by him and located in the First National Bank building, Albuquerque, New Mexico, of which it was the owner. Following trial on the merits judgment was entered restoring possession of the premises to the plaintiff and allowing it the

actual rental value thereof to the day of its entry. The defendant appealed to this court, filed a supersedeas bond and re-. mained in possession of the premises until October 30, 1946. The judgment was affirmed by this court. First National Bank in Albuquerque v. Tanney, 51 N.M. 60, 178 P.2d 581.

After the receipt of our mandate, the plaintiff on April 25, 1947, filed a motion in the district court asking for judgment against the defendant and his surety on his supersedeas bond for double the amount of the actual rental value of the premises from January 19, 1946, the date of rendition of the original judgment to October 30, 1946, the day of delivery of possession.

The court found that defendant remained in possession of the premises during the dates complained of; that the actual rental value of the same was $67.17 per month; and that plaintiff was entitled to double that amount for each and every month the defendant occupied said rooms.

■ The defendant seriously urges that plaintiff is not entitled to double the actual rental value of the premises in as much as it did not suffer any special damages due to his retention thereof. This contention is without merit.

The question depends upon our construction of Section 38-919, 1941 Comp., which reads as follows: "On appeals being taken to the district court, in any action of forcible entry and unlawful detainer, if the plaintiff recovers judgment, the damages assessed shall be the actual value of the rents due up to the rendition of judgment by the justice of the peace, and double the value of all rents accrued, after the rendition of judgment by the justice of the peace, and up to the rendition of judgment in the district court, and if an appeal be afterwards taken therefrom to the Supreme Court, and judgment for plaintiff be there affirmed, said plaintiff shall have the right to recover further damages at double the actual value of the rents of the property from the time of the rendition of judgment in the district court to the time of the delivery of possession to him, and shall have the right to sue for the same on the appeal or supersedeas bond given in the district court, which shall be fixed at a sum sufficient to cover such last mentioned damages, as also all damages and judgments rendered in the district court, which said bond shall contain a condition that the defendant appealing or taking a writ of error will pay all such judgment and damages if the judgment of the district court be affirmed."

This statute is mandatory in language and, as we view it, in fact. It is true that it is highly penal but such statutes have generally been held to be mandatory, leaving no discretion in the court as to the damages to be entered in case the plaintiff recovers judgment.

Absent a statutory provision expressly authorizing it, damages cannot be recovered in an action for unlawful detainer. The only relief would be restitution of the premises, 36 C.J.S., Forcible Entry and Detainer, § 59. Our statute, however, provides not only for restitution of the premises, but also for the actual value of rents due up to rendition of a judgment in the lower court. If an appeal is taken therefrom, then damages shall be assessed at double the actual rental value of the premises from the date of judgment to the time of delivery of possession. While the statute provides for recovery of actual rental value due up to date of judgment in the justice or district courts, it is damages which are assessed at double the actual rental value *only* when defendant continues in possession of the premises after judgment has been rendered against him and he thereafter refuses to vacate. (Emphasis ours.)

Thus, the statute makes it the imperative duty of the district court, in case of a finding for the complainant in actions like the present one, to give judgment for double the sum assessed as damages. Steinbrenner v. Love, 113 Mont. 466, 129 P.2d 101; Centennial Brewing Co. v. Rouleau, 49 Mont. 490, 143 P. 969; Stoltz v. United States, 9 Cir., 99 F.2d 283; Forrester v. Cook, 77 Utah 137, 292 P. 206; Feedler v. Schroeder, 59 Mo. 364; Northwest Theatres Company v. Hanson, 9 Cir., 4 F.2d 471; State ex rel.

Needham v. Justice Court et al., Mont., 171 P.2d 351; Eccles v. Union Pacific Coal Company, 15 Utah 14, 48 P. 148; Lane v. Ruhl, 103 Mich. 38, 61 N.W. 347; and Nelson v. Alporte, 161 Mo.App. 605, 143 S.W. 519.

Finding no reversible error, the judgment will be affirmed and the cause remanded, with direction to the district court to enter judgment against the supersedeas surety. It is so ordered.

BRICE, C. J., and SADLER, McGHEE, and COMPTON, JJ., concur.